THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES RICHARD FREEMAN, Defendant-Appellant.

Fifth District   No. 78-227

Opinion filed May 14, 1980.

James M. Wexstten, of Mt. Vernon, for appellant.

Nicholas G. Byron, State's Attorney, of Edwardsville (Raymond F. Buckley, Jr., and Gillum Ferguson, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE KASSERMAN delivered the opinion of the court:

Defendant, James Richard Freeman, appeals from the order of the Madison County Circuit Court denying his motion to withdraw his guilty plea.

On February 16, 1976, defendant was charged with armed robbery in violation of section 18—2 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 18—2). The Madison County public defender's office was appointed to represent defendant, and defendant pleaded guilty on June 7, 1976. On July 2, 1976, defendant's counsel moved to withdraw as counsel, alleging that defendant contended that he was ineffective and had coerced defendant into pleading guilty. The court allowed the motion and appointed another attorney from the Madison County public defender's office to represent defendant. A motion to withdraw defendant's guilty plea was filed on July 8, 1976, and a hearing was held on the motion on July 9, 1976, at which time the motion was denied. The court then proceeded with the sentencing hearing and sentenced defendant to a term of imprisonment of five to 15 years. Defendant was represented by an attorney from the Madison County public defender's office at both the hearing on the motion to withdraw the guilty plea and the sentencing hearing.

Defendant appealed the denial of the motion to withdraw his guilty plea, and this court held that the appointment of another public defender from the same office to represent defendant at the hearing on this motion constituted a per se conflict of interest. The cause was reversed and remanded for a new hearing on the motion to withdraw the guilty plea, and it was ordered that defendant be represented by an attorney outside

the public defender's office. *People v. Freeman* (1977), 55 Ill. App. 3d 1000, 371 N.E.2d 863.

Upon remand, a hearing was held on May 4, 1978, on defendant's motion to withdraw his guilty plea, and the motion was again denied. Defendant appeals, contending that his sentence should be vacated because he was denied the right to effective assistance of counsel at his sentencing hearing. Defendant bases this contention on the fact that he was represented at the sentencing hearing by counsel from the Madison County public defender's office after another member of the same office previously had been permitted to withdraw from representing him.

In our consideration of the issues raised by defendant concerning the propriety of a member of the public defender's office representing him at his sentencing hearing, it is necessary to make two determinations: (1) whether defendant was denied effective assistance of counsel when a member of the public defender's office was appointed to represent him at his sentencing hearing, and (2) whether defendant waived the issue by failing to raise it in his first appeal. These issues are inextricably connected, and a decision of the first forms a basis for determination of the second.

The issue raised by the first of defendant's contentions listed above is, in our opinion, subject to the same considerations as the issue of whether joint representation of co-defendants by a single counsel results in ineffective assistance of counsel due to a conflict of interest. Since the original appeal in this cause, the supreme court has had occasion to consider that issue and has held that joint representation of criminal co-defendants is not per se violative of the sixth and fourteenth amendments to the United States Constitution guaranteeing effective assistance of counsel. The court held that in such instances a defendant must establish an actual conflict of interest of counsel manifested at trial. *People v. Berland* (1978), 74 Ill. 2d 286, 385 N.E.2d 649; *People v. Vriner* (1978), 74 Ill. 2d 329, 385 N.E.2d 671.

Based on *People v. Berland* and *People v. Vriner*, we conclude that it was not a per se denial of defendant's constitutional right to effective assistance of counsel to appoint a second member of the public defender's office to represent defendant after another member of such office had been permitted to withdraw as his counsel. Consequently, defendant must show an actual conflict of interest manifested at trial in order to establish ineffective assistance of counsel.

■■ Our examination of the record in this cause fails to disclose evidence indicative of an actual conflict of interest. The defendant testified at the sentencing hearing, and deficiencies in the presentence report were brought to the court's attention, all with defendant's full cooperation and without objection on the part of defendant. Moreover, the sentencing

hearing, unlike the hearing on the motion to withdraw the guilty plea, did not require counsel to attack the competency or reputation of other members of the public defender's office. Therefore, the defendant has failed to show an actual conflict of interest manifested at the trial.

Although the sentencing hearing in this case took place July 9, 1976, prior to defendant's first appeal, the issue of conflict of interest of counsel at the sentencing hearing was not raised in that appeal. Defendant contends that the failure to raise this issue in his first appeal was not due to a waiver of the issue but was due to incompetence of appellate counsel. He urges consideration of the issue on its merits.

We cannot conclude that there is per se incompetence of counsel based on counsel's failure to raise the issue of conflict of interest at the sentencing hearing on the first appeal. It is not incompetency of counsel for counsel to refrain from raising those issues on appeal which in his judgment are not meritorious, unless his appraisal of the merits is patently wrong. *People v. Frank* (1971), 48 Ill. 2d 500, 272 N.E.2d 25.

■■ The evidence in the instant case discloses nothing to justify counsel on the first appeal to raise the issue of ineffective assistance of counsel. Representation of defendant by a second member of the public defender's office which employed defendant's first counsel was not per se a denial of effective assistance of counsel. Further, defendant and his second counsel cooperated fully to present the testimony of defendant and another witness and to correct certain information in the presentence report. The record is void as to evidence of a conflict of interest manifested at trial; therefore, appellate counsel reasonably could have concluded that the issue of conflict of interest at the sentencing hearing was not meritorious. Defendant had the opportunity to present the issue of conflict of interest on his first appeal and did not do so; therefore, in the absence of ineffective assistance of counsel on such appeal, the issue is waived for purposes of this appeal.

Defendant also contends that he should be permitted to withdraw his guilty plea as it was induced by a material misrepresentation of his attorney. Defendant claims he pleaded guilty because his attorney represented to him that he would receive a sentence of four to six years imprisonment in exchange for his plea of guilty. We find defendant's contention to be without merit.

■■ The hearing on the guilty plea indicates that defendant understood that the recommendation of a sentence of four to six years imprisonment was a recommendation, not a promise, and was not binding on the court. At the second hearing on the motion to withdraw his guilty plea, defendant claims, contrary to his statements to the court at the hearing on the guilty plea, that he did not understand that the court was not bound by the recommendation. The trial court, as trier of fact in this case,

considered the evidence and credibility of the witnesses and concluded that defendant understood the four- to six-year term was a recommendation and not a guaranteed sentence. It was not shown that the determination of the trial court was manifestly erroneous and, therefore, its findings will be upheld. *People v. Rose* (1971), 48 Ill. 2d 300, 268 N.E.2d 700.

By reason of the foregoing, the order of the Circuit Court of Madison County is affirmed.

Affirmed.

JONES, P. J., and KARNS, J., concur.