Ralph KEMP, Warden, Chatham County Correctional Institution, Respondent–Appellant,

v.

Johnny B. LEGGETT, Petitioner–Appellee.

No. 80–7471

Summary Calendar.

United States Court of Appeals, Fifth Circuit. Unit B

Jan. 27, 1981.

---

Susan V. Boleyn, Asst. Atty. Gen., Atlanta, Ga., for respondent–appellant.

Orion L. Douglass, Brunswick, Ga., for petitioner–appellee.

Before GODBOLD, KRAVITCH and HATCHETT, Circuit Judges.

PER CURIAM:

The state appeals the grant of § 2254 relief. We agree with the conclusion of the district judge that the appellee was deprived of his constitutional right to effective assistance of counsel and affirm.

Appellee, Johnny B. Leggett, was convicted of murder and sentenced to life imprisonment. At the evidentiary hearing on the federal habeas action[1] appellee's retained counsel testified that his previous criminal trial experience had been to assist in the trial of one minor case and that Leggett's murder trial was his first unassisted criminal case. He admitted that he had not interviewed the single eyewitness and had failed to call several character witnesses who were in court at appellee's request. Moreover, he did not investigate in order to prepare a proper defense nor did he discuss possible defenses with his client. Rather, he adopted a defense not the most compatible with the facts. He further neglected to proffer a written charge on voluntary manslaughter and to introduce evidence to warrant such a charge, instead submitting charges that he borrowed from another lawyer. He conceded that he rejected an offer of a plea of voluntary manslaughter, a lesser included offense, without adequately explaining to his client the various degrees of homicide and the risks of a jury trial on the charge of murder. By affidavit he admitted that he was not competent to handle a murder case. The district court determined that under the totality of these circumstances appellee was denied effective assistance of counsel and granted the writ, ordering the state to retry Leggett within ninety days or to release him.

On appeal the state argues that any conclusion that appellee might have been acquitted if character witnesses had been called or counsel had pursued a different defense theory is purely speculative and that appellee was adequately represented. We disagree.

It is recognized that the Sixth Amendment right to effective assistance of counsel does not require errorless counsel, *United States v. Johnson*, 615 F.2d 1125 (5th Cir. 1980); the standard is whether counsel is likely to render and in fact renders reasonably effective assistance, *Jones v. Estelle*, 622 F.2d 124 (5th Cir. 1980). Here, the specific omissions on the part of the attorney as found by the trial judge indicated a lack of the amount of preparation and degree of skill reasonably required of counsel in a criminal trial. We agree

---

1. The record shows that Leggett had exhausted his state remedies.

with the trial court that the "inaction and mistakes support the conclusion that Leggett was denied effective assistance of counsel." *See Herring v. Estelle*, 491 F.2d 125 (5th Cir. 1974).

The fact that Leggett's counsel was retained rather than court–appointed does not affect this determination. In the context of a constitutional violation in a criminal trial, the Fifth Circuit enunciated the standard for retained, as compared with court–appointed, counsel in *Fitzgerald v. Estelle*, 505 F.2d 1334 (1974) (en banc), *cert. denied*, 422 U.S. 1011, 95 S.Ct. 2636, 45 L.Ed.2d 675 (1975), as such poor performance as to render the proceedings fundamentally unfair.[2] However, the distinction between retained and court–appointed counsel as to the degree of protection due to criminal defendants has been abolished by the recent Supreme Court decision in *Cuyler v. Sullivan*, 446 U.S. ——, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980), followed by this circuit in *Perez v. Wainwright*, 627 F.2d 762 (1980) on remand from the Supreme Court. In *Cuyler* the Court explained:

> A proper respect for the Sixth Amendment disarms petitioner's contention that defendants who retain their own lawyers are entitled to less protection than defendants for whom the State appoints counsel. We may assume with confidence that most counsel, whether retained or appointed, will protect the rights of an accused. But experience teaches that, in some cases, retained counsel will not provide adequate representation. The vital guarantee of the Sixth Amendment would stand for little if the often uninformed decision to retain a particular lawyer could reduce or forfeit the defendant's entitlement to constitutional protection. Since the State's conduct of a criminal trial itself implicates the State in the defendant's conviction, we see no basis for drawing a distinction between retained and appointed counsel that would deny equal justice to defendants who must choose their own lawyers.

The judgment of the district court granting this writ is AFFIRMED.

---

2. *Fitzgerald* provided as an alternative that some state officer knew or had reason to know of the incompetence of counsel and had failed to take remedial action. 505 F.2d at 1337.