THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
ROBERT SCOTT, Defendant-Appellant.

Fifth District    No. 79-157

Opinion filed March 6, 1981.

Martha Easter-Wells, of Abel, Roberts, Weiss & Easter-Wells, of Carbondale, for appellant.

Clyde L. Kuehn, State's Attorney, of Belleville (Martin N. Ashley and Nicholas B. Svalina, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE KASSERMAN delivered the opinion of the court:

Defendant, Robert Scott, appeals from the denial of his petition for post-conviction relief in the circuit court of St. Clair County.

Defendant was charged with the murder of Delbert Tucker and was convicted after a jury trial in the St. Clair County circuit court. He was sentenced to imprisonment for a term of 14 to 16 years. Defendant perfected an appeal from his conviction and raised the following issues: (1) whether the conviction for murder should be reduced to involuntary manslaughter, and (2) whether defendant was denied his right to a fair trial by prejudicial prosecutorial comment during closing argument. The issue of incompetence of trial counsel was not raised by appellate counsel. Defendant's conviction was affirmed by this court in an unpublished order filed January 3, 1977.

On April 21, 1978, defendant filed a pro se petition for post-

conviction relief, which was later amended after counsel was appointed to represent him in the post-conviction proceedings. The petition, as amended, alleged that he had been denied effective assistance of counsel at his trial due to the incompetence of his retained trial counsel. Defendant alleged that trial counsel was incompetent on the grounds that counsel failed to interview the prosecution witnesses; that he failed to interview a potential defense witness; that counsel was not licensed to practice in Illinois; that local counsel was under indictment at the time of trial; that counsel had little contact with defendant; and that counsel failed to request a mistrial at two points during the trial.

A hearing on the petition for post-conviction relief was held on January 26, 1979, and the trial court denied the petition, stating:

"In the opinion of the Court, the defendant's counsel was not of the high quality usually found in the courts of St. Clair County, however, in applying the Supreme Court Guidelines, we find that representation was not of such a low caliber as to amount to no representation at all, nor did it reduce the courts proceedings to a farce or a sham. The burden of sustaining the charge of inadequacy of counsel rests upon the defendant, and the defendant has failed to sustain his burden. Post Conviction petition is denied."

The record indicates that defendant was represented at trial by retained counsel and on his direct appeal by the State Appellate Defender's office. Further, counsel was appointed by the trial court to represent defendant on his petition for post-conviction relief, and private appellate counsel has been appointed to represent defendant on this appeal.

On appeal defendant contends that he was denied effective assistance of counsel at his original trial, alleging for the first time that trial counsel failed to impeach the prosecution's only eyewitness, Valerie Tucker, based on a prior inconsistent statement she had made to the police. He further contends that this issue was not raised previously due to ineffective assistance of both the counsel who represented him on the original appeal and the counsel appointed to represent him on the post-conviction proceedings in the trial court.

Defendant argues that the failure of trial counsel to impeach the prosecution's eyewitness, Valerie Tucker, on the basis of a prior statement made to the police amounted to incompetency of counsel. In her statement to the police made shortly after the shooting occurred, Ms. Tucker stated that her brother, Delbert Tucker, and defendant, who was her boyfriend, became involved in an argument at her apartment. She stated that Delbert grabbed defendant and went outside to talk to him and that when she went outside to talk to defendant, she saw defendant and Delbert struggling, heard a shot fired, then turned and ran back inside. At trial, Ms. Tucker testified that she had run outside after

defendant had pulled a gun on Delbert in her apartment during the course of an argument. She testified that she thought her brother had come outside after she did. She further stated that she saw her brother and defendant standing and talking at the foot of the porch stairs and that defendant was holding a gun in the air with one hand and pushing Delbert in the forehead with the other hand. Ms. Tucker related at trial that Delbert had his hands at his sides and that she did not see him struggle with defendant. She then testified that she heard a shot, saw Delbert fall and then ran to her cousin's house.

Defendant testified that he had drawn a gun when he and Delbert had an argument inside the apartment. He further testified that after he drew the gun, Ms. Tucker ran outside and both he and Delbert went outside after her. Defendant stated that he and Delbert struggled as they went outside and that when they were outside, Delbert grabbed for the gun and it went off accidentally.

Defendant contends that Ms. Tucker's statement to the police corroborates his testimony that the shooting was accidental and argues that the failure to cross-examine Ms. Tucker regarding her prior statement could have resulted only from trial counsel's failure to familiarize himself with the case. Defendant further states that had counsel cross-examined Ms. Tucker on this matter, a verdict of involuntary manslaughter would likely have resulted. Defendant concludes that as a consequence, he was denied effective assistance of counsel on trial and that because of their failure to raise this issue in the post-trial proceedings, counsel appointed to represent him on his first appeal and on his petition for post-conviction relief were also incompetent. Thus, the instant appeal involves alleged ineffective assistance of both retained and appointed counsel.

A defendant's right to competent counsel is well recognized. As stated by the court in *People v. Murphy* (1978), 72 Ill. 2d 421, 435, 381 N.E.2d 677, 684-85: "[d]efendant is entitled to assistance of counsel under both the United States Constitution (*Gideon v. Wainwright* (1963), 372 U.S. 335, 342, 9 L. Ed. 2d 799, 804, 83 S. Ct. 792, 795; U.S. Const., amends. VI, XIV) and the Illinois Constitution of 1970 (Ill. Const. 1970, art. I, sec. 8). Counsel, however, can be so incompetent as to undermine that right and to deprive the defendant of his due process right to a fair trial. [Citations.]" Further, our supreme court has established standards requiring a distinction to be drawn between the tests to be applied for determining the competency of retained counsel and appointed counsel and historically has held appointed counsel to a higher standard of conduct than retained counsel. The standard established by the court to be applied to retained counsel requires a determination of whether the representation was of such a low caliber as to amount to no representation at all or was such as to reduce the court proceedings to a farce or sham.

(*People v. Murphy.*) As to appointed counsel, the court has stated that defendant is entitled to a new trial "if counsel was actually incompetent, as reflected in the performance of his duties as trial attorney, and if this incompetence produced substantial prejudice to the defendant without which the result of the trial would probably have been different." *People v. Greer* (1980), 79 Ill. 2d 103, 120-21, 402 N.E.2d 203, 211.

*Murphy* and *Greer* represent the latest decisions of the Illinois Supreme Court on the subject of reversal of criminal trials based on alleged incompetency of counsel. Recently, however, the United States Supreme Court, in considering an allegation of incompetency of retained counsel based on a conflict of interest, has held that it saw no basis for drawing any distinction between retained or appointed counsel. *Cuyler v. Sullivan* (1980), 446 U.S. 335, 64 L. Ed. 2d 333, 100 S. Ct. 1708.

The trial court in the case at bar was required to determine the competency of retained trial counsel and expressly applied the standard announced in *Murphy*. Although such standard was correct at the time, the court's determination was made before *Cuyler* and was based on the double standard existing in Illinois.

Thus, the issue is directly before us as to whether the double standard applied in Illinois in *Murphy* and *Greer* must now be altered as a result of the *Cuyler* decision. The rationale of *Cuyler* is indicated by the following statement of the court:

> "A proper respect for the Sixth Amendment disarms petitioner's contention that defendants who retain their own lawyers are entitled to less protection than defendants for whom the State appoints counsel. We may assume with confidence that most counsel, whether retained or appointed, will protect the rights of an accused. But experience teaches that, in some cases, retained counsel will not provide adequate representation. The vital guarantee of the Sixth Amendment would stand for little if the often uninformed decision to retain a particular lawyer could reduce or forfeit the defendant's entitlement to constitutional protection. Since the State's conduct of a criminal trial itself implicates the State in the defendant's conviction, we see no basis for drawing a distinction between retained and appointed counsel that would deny equal justice to defendants who must choose their own lawyers." *Cuyler v. Sullivan* (1980), 446 U.S. 335, 344-45, 64 L. Ed. 2d 333, 344, 100 S. Ct. 1708, 1716.

■■ ■ As we have stated, the trial court expressly applied the standard approved in *Murphy* for determining competency of retained counsel. We conclude, however, that such a double standard is now impermissible by reason of the decision in *Cuyler*. Further, we conclude that the test for determining incompetency of appointed counsel should not be relaxed

but that the standard for both retained and appointed counsel is now required to be the test previously applied in Illinois for appointed counsel. Therefore, it is necessary for this court to determine whether the results would have been different had the Illinois standard for appointed counsel been applied by the trial court in assessing the competency of defendant's retained counsel.

Defendant urges that his counsel's failure to familiarize himself with the case and his failure to impeach the only eyewitness, Ms. Tucker, establish that his counsel was incompetent. However, the only notable discrepancy between Ms. Tucker's statement to the police and her testimony at trial was the time she left the apartment and her statement that her brother was struggling with defendant when the shot was fired compared with her testimony that at the time her brother's hands were at his side. Both her statement and her testimony, as well as defendant's testimony, indicated that defendant and the victim were engaged in an argument, that the defendant drew a gun, and that the two men proceeded outside where a struggle ensued and the gun went off. Defendant's counsel cross-examined Ms. Tucker regarding the initial argument between defendant and Delbert, whether she had seen Delbert grab for the gun, her emotional state at the time the incident took place, and the lighting outside the apartment. The inconsistent statement she is alleged to have given to the police would have been of virtually no value in light of defendant's own testimony regarding the altercation. Further, the jury was fully instructed on self-defense and the offenses of involuntary manslaughter and murder.

■■ Therefore, we conclude that the failure of defense counsel to cross-examine Ms. Tucker on her prior statement did not produce substantial prejudice to defendant, without which the outcome of the trial probably would have been different.

Defendant also contends that his appellate and post-conviction counsel were incompetent for failing to raise the failure of trial counsel to impeach Ms. Tucker on her prior statement.

■■ Defendant had the opportunity to present the issue of incompetency of counsel on his first appeal and again, with regard to the specific error he alleges here, at the hearing on his petition for post-conviction relief and did not do so; therefore, in the absence of ineffective assistance of counsel on appeal and at the post-conviction proceedings, the issue is waived for purposes of this appeal. *People v. Freeman* (1980), 84 Ill. App. 3d 261, 405 N.E.2d 391.

■■ It is not incompetency of counsel for appellate counsel to refrain from raising those issues on appeal which in his judgment are not meritorious, unless his appraisal of the merits is patently wrong. (*People v. Frank* (1971), 48 Ill. 2d 500, 272 N.E.2d 25.) Appellate counsel reasonably may

have concluded, after an examination of the record, that trial counsel's conduct of the trial did not constitute incompetency of counsel. Trial counsel engaged in cross-examination of the State's witnesses, called a witness for the defense, made appropriate objections, and submitted jury instructions. The issue of incompetence of counsel was raised by defendant in his petition for post-conviction relief; however, the allegations now urged on appeal were not raised in that petition. Again, post-conviction counsel reasonably may have concluded that trial counsel's failure to confront Ms. Tucker with her prior statement was not an omission of such magnitude to warrant being considered incompetency of counsel in light of trial counsel's cross-examination of the witness.

Consequently, we conclude that trial counsel's failure to impeach Ms. Tucker based on her prior statement did not amount to incompetency of counsel; and we further conclude that the conduct of appellate counsel and post-conviction counsel did not amount to incompetency for their failure to raise the issue at a subsequent time.

For the foregoing reasons, the order of the circuit court of St. Clair County denying defendant's petition for post-conviction relief is affirmed.

Affirmed.

JONES and HARRISON, JJ., concur.