THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CHARLES TALLEY, Defendant-Appellant.

First District (2nd Division)    No. 79-434

Opinion filed June 16, 1981.

Ralph Ruebner and Bradley S. Bridge, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Marcia B. Orr and Michael K. Demetrio, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE STAMOS delivered the opinion of the court:

Following a 1974 bench trial, defendant Charles Talley was convicted of rape and armed robbery. Defendant failed to appear at his sentencing hearing. In the absence of defendant and his attorney, the trial court imposed sentences of 15 to 45 years for armed robbery and 4 to 20 years for rape. Defendant did not appeal. On March 3, 1976, defendant filed a post-conviction petition challenging the legality of the sentences imposed in the absence of defense counsel. This petition was dismissed by the trial court, and defendant appealed. The State confessed error and this court, in an unpublished order, affirmed the conviction and remanded the cause for resentencing. On remand, the trial court imposed the same sentences of 15 to 45 and 4 to 20 years. Defendant again appeals and now asserts not only alleged errors in his resentencing, but also constitutional violations in his original trial.

Defendant contends that his right to due process of law was violated, insofar as the evidence was insufficient to support convictions for armed robbery and rape. Defendant also contends that the trial court's admission of hearsay evidence violated defendant's sixth and fourteenth amendment right to confront the State's witnesses. Defendant's final constitutional claim is that the prosecutor's cross-examination of defendant regarding his post-arrest silence violated the rule of *Doyle v. Ohio* (1976), 426 U.S. 610, 49 L. Ed. 2d 91, 96 S. Ct. 2240. None of these assignments of error was raised in defendant's post-conviction petition or in the appeal that followed the dismissal of that petition. As a result, the State argues that the issues arising from the original trial have been waived and may not be asserted on the instant appeal. The State maintains that only three issues are now properly before this court: defendant's contention that his sentence is excessive, the question of whether defendant should have been given the option to elect sentencing under the new sentencing act (see Ill. Rev. Stat. 1979, ch. 38, par. 1008—2—4(b)), and the fact that defendant was not permitted to speak on his own behalf prior to the imposition of sentence.

The threshold question is whether we may consider issues arising from defendant's 1974 trial. As noted above, defendant took no appeal following his conviction. He is therefore deemed to have waived trial errors, except those errors that amount to deprivations of constitutional rights. (See *People v. Rose* (1969), 43 Ill. 2d 273, 279, 253 N.E.2d 456.) This latter class of errors may be raised in a timely petition under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1979, ch. 38, pars. 122—1 through 122—7). (See *Rose*, at 279.) By its terms, however, the Post-Conviction Hearing Act affords only one opportunity to raise a constitutional claim: "Any claim of substantial denial of constitutional rights not

raised in the original or an amended petition is waived." (Ill. Rev. Stat. 1979, ch. 38, par. 122—3.) Defendant's post-conviction petition pressed only one issue—the imposition of sentence in the absence of defendant's attorney. By his failure to raise in the post-conviction petition constitutional claims arising from his trial, defendant may be held to have waived those claims. See *People v. French* (1970), 46 Ill. 2d 104, 107-08, 262 N.E.2d 901, *cert. denied* (1971), 400 U.S. 1024, 27 L. Ed. 2d 636, 91 S. Ct. 590.

■■ Defendant correctly points out that this rule of waiver is not unyielding, and defendant argues that the trial issues should not be considered waived because the omission of these claims from the post-conviction petition was caused by the incompetence of defendant's post-conviction counsel. In *People v. Frank* (1971), 48 Ill. 2d 500, 272 N.E.2d 25, our supreme court held that the doctrine of waiver will not bar the assertion of constitutional claims when the alleged waiver stems from the inaction of incompetent appointed counsel. (See *Frank*, at 503.) The *Frank* case dealt with a claim, not raised on appeal, which the defendant sought to raise in a post-conviction petition. The logic in *Frank* is applicable to the case at bar: on this appeal, defendant presses constitutional claims that could properly have been heard at his post-conviction hearing, had counsel seen fit to raise them. In the *Frank* case, the court was confronted with an allegedly incompetent appointed counsel. Here, defendant's post-conviction attorney was retained. While this fact does not obviate the applicability of the *Frank* case, the distinction signals the need to determine the applicable competency standard.

Illinois courts have traditionally employed a two-tiered standard to evaluate the competence of counsel. For court-appointed counsel, the defendant's representation has been held constitutionally deficient if his counsel was "actually incompetent, as reflected in the performance of his duties as trial attorney, and if the incompetence produced substantial prejudice to the defendant without which the result * * * would probably have been different." (*People v. Greer* (1980), 79 Ill. 2d 103, 120-21, 402 N.E.2d 203.) In the case of privately retained counsel, reviewing courts have not reversed the defendant's conviction "unless the representation is of such a low caliber as to amount to no representation at all or reduces the court proceedings to a farce or sham." (*People v. Torres* (1973), 54 Ill. 2d 384, 391, 297 N.E.2d 142.) A recent opinion of the United States Supreme Court calls into question this two-tiered standard. In *Cuyler v. Sullivan* (1980), 446 U.S. 335, 344-45, 64 L. Ed. 2d 333, 344, 100 S. Ct. 1708, 1716, the Supreme Court stated:

"A proper respect for the Sixth Amendment disarms [the State's] contention that defendants who retain their own lawyers are entitled to less protection than defendants for whom the State

appoints counsel. \* \* \* [W]e see no basis for drawing a distinction between retained and appointed counsel that would deny equal justice to defendants who must choose their own lawyers."

We note that *Cuyler* dealt with attorney incompetence as manifested by multiple representation, and not incompetence in the sense of unskilled and ineffectual representation. Nevertheless, we believe that the Supreme Court's statement cannot be read so narrowly as to apply only to the former class of cases. The Supreme Court of Illinois has not yet addressed the post-*Cuyler* viability of Illinois' two-tiered competency standard, but a recent opinion in the Appellate Court for the Fifth District has considered the issue, and has concluded that the dichotomy between standards for retained and appointed counsel is no longer permissible. (See *People v. Scott* (1981), 94 Ill. App. 3d 159, 163, 418 N.E.2d 805.) The courts of Florida and Texas have similarly interpreted *Cuyler v. Sullivan*. See, *e.g.*, *Battle v. State* (Fla. Dist. Ct. App. 1980), 388 So. 2d 1323, 1324; *Hurley v. State* (Tex. Crim. App. 1980), 606 S.W.2d 887, 889-90; see also *Kemp v. Leggett* (5th Cir. 1981), 635 F.2d 453, 455 (finding, in a Federal *habeas corpus* action, that the prior distinction between appointed and retained counsel had been abolished by *Cuyler*); but see *State v. Dukes* (Fla. App. 1980), 388 So. 2d 651, 652-53 (Ott, J., specially concurring, acknowledging the effect of the *Cuyler* decision, but arguing that the new rule is constitutionally and jurisprudentially ill-conceived).

■■ The appellate court in *Scott* held that only one standard, the test for appointed counsel set out in *People v. Greer*, may now be applied. (See *Scott*, at 163-64.) The pertinent inquiry, then, is whether defendant's attorney for his post-conviction petition and the related appeal (the same attorney handled both matters) was actually incompetent, and caused such substantial prejudice to defendant that the outcome was probably changed. To make this evaluation, we must briefly review the constitutional claims omitted from defendant's post-conviction petition. In this connection, it is important to note the limited scope of a petition under the Post-Conviction Hearing Act. Defendant asserts trial errors relating to the evidentiary support for his convictions of armed robbery and rape, and to the admission of hearsay evidence. However, challenges to the sufficiency and competence of evidence are ordinarily not cognizable in a post-conviction petition. (See *People v. Moore* (1975), 60 Ill. 2d 379, 384, 327 N.E.2d 324, *cert. denied* (1975), 423 U.S. 938, 46 L. Ed. 2d 270, 96 S. Ct. 298.) Defendant has dubbed some of these alleged errors "due process violations," but an evidentiary issue does not attain constitutional statute merely by the application of such a label. See *People v. Johnson* (1976), 37 Ill. App. 3d 328, 330, 345 N.E.2d 531.

■■ The standard for evaluating the constitutional import of a sufficiency of evidence question was set out by the United States Supreme Court in

*Jackson v. Virginia* (1979), 443 U.S. 307, 61 L. Ed. 2d 560, 99 S. Ct. 2781. There, the court held that due process of law is violated when a criminal conviction is not supported by evidence sufficient to convince the trier of fact, beyond a reasonable doubt, of the defendant's guilt. (See *Jackson v. Virginia* (1979), 443 U.S. 307, 316, 61 L. Ed. 2d 560, 571, 99 S. Ct. 2781, 2788.) This rule does not mean that all questions of sufficiency of evidence are constitutional claims, nor does it mean that the reviewing court must itself be convinced beyond a reasonable doubt. (See *Jackson v. Virginia* (1979), 443 U.S. 307, 318-19, 61 L. Ed. 2d 560, 573, 99 S. Ct. 2781, 2789.) "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia* (1979), 443 U.S. 307, 319, 61 L. Ed. 2d 560, 573, 99 S. Ct. 2781, 2789.

Defendant contends that, even accepting as true the testimony of the State's principal witness, the elements of armed robbery have not been established. We disagree. The complaining witness testified that defendant forced her into a car at gunpoint and drove her to a house on the south side of Chicago. Defendant forced the victim into a bedroom and, once in the bedroom, put his gun in a closet. Defendant then forced the victim to disrobe. The victim did not remove her bra and when defendant lay on top of the victim on the bed, he felt a coin purse in the bra. Defendant removed the coin purse and placed it on a nightstand. Defendant had intercourse with the victim for about 2 hours and then ordered her into the washroom to clean up. While the victim was in the washroom, defendant placed the coin purse in his pocket.

■■■ Defendant argues that he could not have obtained the purse by means of force directed at the victim (see *People v. Patton* (1979), 76 Ill. 2d 45, 48, 389 N.E.2d 1174), since the victim was in the washroom when defendant took the coin purse. Defendant misapprehends the time of the "taking." We are of the opinion that the trier of fact could properly find that the taking of the victim's property occurred when defendant removed the purse from the victim's bra, and that this taking was accomplished "by the use of force or by threatening imminent use of force." (See Ill. Rev. Stat. 1979, ch. 38, par. 18—1 (defining the crime of robbery); see also *People v. Withers* (1979), 69 Ill. App. 3d 568, 570, 387 N.E.2d 1007 ("taking" is complete when, with intent to deprive the owner thereof, property is moved from its customary location).) Defendant further argues that he did not obtain the purse while armed with a dangerous weapon. (See Ill. Rev. Stat. 1979, ch. 38, par. 18—2 (defining the crime of armed robbery).) It is immaterial that defendant did not have the gun in hand at the time of the taking. The conviction for armed robbery can be sustained if the trier of fact could properly find that the weapon had been

displayed to the victim, and thereafter remained accessible to the perpetrator. See *People v. Robinson* (1978), 73 Ill. 2d 192, 202, 383 N.E.2d 164; see also *People v. Stewart* (1977), 54 Ill. App. 3d 76, 80, 369 N.E.2d 131.

With respect to the rape charge, defendant contends that the evidence was insufficient to show that the act was committed "by force and against [the complainant's] will." (See Ill. Rev. Stat. 1979, ch. 38, par. 11—1.) Reviewing the testimony in light of the *Jackson v. Virginia* standard set out above, we find defendant's claim of a due process violation spurious and unworthy of a detailed rebuttal. Suffice it to say that the record contains evidence sufficient to permit the trier of fact to find, beyond a reasonable doubt, all of the elements of the crime of rape.

■■ We find defendant's claim of a "confrontation clause" violation in the admission of hearsay evidence equally meritless. While it is manifest that the sixth amendment, made applicable to the states via the fourteenth amendment, guarantees the defendant's right to cross-examine the State's witnesses (see *Pointer v. Texas* (1965), 380 U.S. 400, 403-04, 13 L. Ed. 2d 923, 926, 85 S. Ct. 1065, 1068), the hearsay complained of reveals no abridgement of that right. After the complaining witness testified to the facts of the offenses, the court heard testimony from Albert Jordan, the first police officer to interview the victim subsequent to the attack. Jordan testified in detail regarding the complainant's account of the incident. This testimony essentially duplicated the earlier testimony of the complainant. Assuming, *arguendo*, that Jordan's testimony contained inadmissible hearsay, defendant's right of confrontation was preserved by his thorough cross-examination of the declarant—the complaining witness. *Cf. People v. Breitweiser* (1976), 38 Ill. App. 3d 1066, 1070, 349 N.E.2d 454 (no reversible error in the admission of hearsay if the matter has been competently testified to by the declarant).

■■ We conclude that defendant's claims of insufficiency and inadmissibility of evidence are not of constitutional magnitude, and were therefore properly omitted from his post-conviction petition. *A fortiori*, defendant's post-conviction counsel was not incompetent in failing to raise these issues. Defendant's claim of a *Doyle* violation, however, does imply a substantial constitutional question. (See *People v. Rehbein* (1978), 74 Ill. 2d 435, 440, 386 N.E.2d 39.) At trial, the prosecutor cross-examined defendant regarding his post-arrest silence, in apparent violation of the rule announced in *Doyle v. Ohio* (1976), 426 U.S. 610, 619, 49 L. Ed. 2d 91, 98, 96 S. Ct. 2240, 2245. We note that the *Doyle* decision was announced in June 1976, three months after the filing of defendant's post-conviction petition. Neither the United States Supreme Court nor the Illinois Supreme Court has decided the retroactivity of the *Doyle* decision (see *Anderson v. Charles* (1980), 447 U.S. 404, 407 n.1, 65 L. Ed. 2d 222, 226

n.1, 100 S. Ct. 2180, 2184 n.1; *People v. Green* (1979), 74 Ill. 2d 444, 451, 386 N.E.2d 272), but retroactivity is not the issue here. The question is whether defendant's attorney's failure to include this constitutional claim in the post-conviction petition demonstrates incompetence. Defendant argues that the rule announced in *Doyle* has long been a part of Illinois law. While we agree that Illinois courts anticipated the *Doyle* rule, we find that, with one exception, prior Illinois decisions finding an accused's post-arrest statements inadmissible based their holdings on evidentiary rather than constitutional grounds. (Compare *People v. Lewerenz* (1962), 24 Ill. 2d 295, 299, 181 N.E.2d 99, *People v. Rothe* (1934), 358 Ill. 52, 57, 192 N.E. 777, and *People v. Owens* (1975), 32 Ill. App. 3d 893, 896-97, 337 N.E.2d 60, with *People v. Wright* (1975), 32 Ill. App. 3d 736, 741-43, 336 N.E.2d 18 (decided 10 months before *Doyle*, and applying similar constitutional reasoning).) *People v. Wright*, decided by this court in September 1975, could have been employed by defendant's post-conviction counsel to support a constitutional claim of improper cross-examination. The pertinent inquiry, however, is whether defense counsel's apparent ignorance of the *Wright* decision, and her attendant failure to assert a possible constitutional violation, demonstrate incompetence. The competence of defendant's attorney must be determined by the totality of her conduct. (See *People v. Murphy* (1978), 72 Ill. 2d 421, 437, 381 N.E.2d 677.) The defendant is entitled to competent, not perfect, representation. (*People v. Berland* (1978), 74 Ill. 2d 286, 311, 385 N.E.2d 649, *cert. denied* (1979), 444 U.S. 833, 62 L. Ed. 2d 42, 100 S. Ct. 64.) The record reflects that defendant's post-conviction counsel read the trial transcript, corresponded with defendant, and maintained contact with defendant's brother. Defendant's attorney also filed an able brief in this court, which brief was sufficiently coherent to persuade the State to confess error in the earlier appeal of this case. While the post-conviction petition and the appeal only raised the sentencing issue, our supreme court in *Frank* stated that an attorney is not obligated to brief every possible issue. Defense counsel can decide that an issue has no merit, and his decision to omit an issue does not demonstrate incompetence unless his judgment is patently wrong. (See *Frank*, at 505.) Given the developing state of the law at the time of the post-conviction petition, we cannot say that defendant's counsel's failure to find constitutional implications in the cross-examination of defendant demonstrates counsel's "actual incompetence," according to the *Greer* standard.

Given the conclusion that defendant's post-conviction attorney was not incompetent, defendant's failure to raise the asserted trial errors in his post-conviction petition must be held a waiver of those issues. This result is supported by the policy of prohibiting piecemeal invocation of post-conviction remedies. (See *People v. Polansky* (1968), 39 Ill. 2d 84, 86, 233

N.E.2d 374.) "Granting a defendant one complete opportunity to show a substantial denial of his constitutional rights fully satisfies the fundamentals of due process, and the State is therefore free to choose this method to regulate the procedure of its courts in accordance with its own concepts of public policy and fairness." *Polansky*, at 86.

■■ The three claims arising out of defendant's resentencing are properly before this court. Defendant first contends that the cause must be remanded for resentencing because the trial court, subsequent to the earlier appeal of this case, failed to give defendant an option to elect sentencing under the "new" act. (See Ill. Rev. Stat. 1979, ch. 38, par. 1008—2—4(b).) Section 8—2—4(b) of the Unified Code of Corrections states:

> "If the defendant has not been sentenced before the effective date of this amendatory Act of 1977 [February 1, 1978], he shall have the right to elect to be sentenced under the law as it existed at the time of his offense or under the law in effect on and after the effective date of this amendatory Act of 1977. If a sentence has been imposed before the effective date of this amendatory Act of 1977, the defendant shall not have the right of election even though his case has not been finally adjudicated on appeal." (Ill. Rev. Stat. 1979, ch. 38, par. 1008—2—4(b).)

Defendant notes that the original sentence imposed in January 1975 was vacated on appeal, and defendant argues that since no valid sentence was imposed prior to February 1, 1978, defendant should have been given, at his May 1978 resentencing, the election allowed by section 8—2—4(b). An Illinois court has recently construed section 8—2—4(b), and has held that where a defendant was convicted and sentenced prior to the effective date of the section (February 1, 1978), and the sentence was thereafter vacated, the defendant had no right of election upon resentencing. (See *People v. Cretton* (1980), 86 Ill. App. 3d 182, 184, 407 N.E.2d 1025.) This holding is precisely applicable to the instant case, and it disposes of defendant's claim.

■■ Defendant's next contention is that his sentence is excessive, in view of the potential for rehabilitation demonstrated by defendant's conduct in prison. It is well settled that a reviewing court will not alter a sentence imposed at trial, absent an abuse of discretion on the part of the trial judge. (See, *e.g., People v. Perruquet* (1977), 68 Ill. 2d 149, 153, 368 N.E.2d 882.) The record in the instant case does not suggest an abuse of discretion. Rather, the record indicates that the trial judge failed to exercise his discretion. After hearing defendant's attorney argue in mitigation, the trial court stated: "There is not too much the Court can do about a situation like this under the circumstances and I wouldn't be opposed to reducing the minimum on the robbery charge to five years,

448

five to forty-five, but I doubt whether I can do it." Under the authority of *People v. Johnson* (1975), 29 Ill. App. 3d 763, 331 N.E.2d 306, the trial court is empowered to consider defendant's rehabilitation as manifested by his conduct in prison, and is permitted on remand to reduce a sentence accordingly. (See *Johnson*, at 768.) Were we thoroughly convinced that the trial court wished to reduce the armed robbery sentence to 5 to 45 years, we would, under the authority of Supreme Court Rule 615(b) (Ill. Rev. Stat. 1979, ch. 110A, par. 615(b)), execute the discretionary judgment of the trial court and reduce defendant's sentence. The record, unfortunately, is not entirely clear. Notwithstanding the fact that the sentencing judge's true intent cannot be ascertained from the record, we find that the trial court underestimated its authority to consider defendant's prison record as a factor in mitigation, and we conclude that he was thereby prevented from exercising the full range of his discretion in sentencing. For this reason, we vacate the sentences imposed at the May 1978 resentencing, and remand the cause for another sentencing hearing.

In view of our finding that a new sentencing hearing is indicated, we do not reach defendant's contention regarding his right to make a statement prior to sentencing.

Affirmed in part; vacated in part; and remanded.

DOWNING and PERLIN, JJ., concur.