THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EDWIN JIMINEZ, Defendant-Appellant.

First District (4th Division) No. 80—3081

Opinion filed June 30, 1983.—Rehearing denied August 18, 1983.

JIGANTI, J., dissenting.

Steven Clark, Patricia Unsinn, and Phillip J. Zisook, all of State Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, David A. Shapiro, and Edward Barron, Assistant State's Attorneys, of counsel), for the People.

JUSTICE JOHNSON delivered the opinion of the court:

The defendant, Edwin Jiminez, appeals his convictions of attempted murder and murder (Ill. Rev. Stat. 1979, ch. 38, pars. 8—4(a), 9—1(a)). Following a jury trial, defendant was convicted and sentenced to two concurrent terms of 25 years in the Illinois State Penitentiary. On appeal, defendant contends (1) that the proper jury instructions were not given; (2) that certain evidence was improperly excluded; (3) that he was prejudiced by certain remarks of the prosecutor; and (4) that his counsel was incompetent.

We affirm.

Evidence adduced at trial may be summarized as follows: defendant shot and killed Mario Cantu and wounded Victor Padron on February 29, 1980. The shootings occurred in the lobby of an apartment building at 1819 North Humboldt in Chicago, Illinois. Prior to the shooting, Cantu and Padron were in the lobby for a few hours drinking rum. At about 5 p.m., defendant and some others entered the lobby. An argument ensued involving defendant, Padron and Cantu. Defendant claimed that Cantu pulled a gun and threatened him. Although threats were made, no blows were stuck. Defendant and his friends left the lobby, as did Padron and Cantu, shortly afterward. Approximately two hours later when Padron and Cantu returned to the lobby, defendant was there. Name-calling followed. Defendant testified that the deceased (Cantu) had a gun and when Cantu attempted to shoot him, defendant shot back with a shotgun. Cantu was shot in

the back. Defendant then fired two additional blasts at Padron as the latter fled the lobby and shot once over Padron's head as he ran down the street. At trial, defendant maintained that he acted in self-defense.

First, defendant asserts that the jury should have been given instructions on voluntary manslaughter and specific intent. The trial judge's failure to do so denied him his right to a fair trial.

■ This issue was not raised in a written post-trial motion. Assuming, *arguendo,* that the issue has not been waived, erroneous refusal of jury instructions is not an automatic vehicle of reversal. When, as in this case, the evidence supporting the jury's finding is clear and convincing, then the error is harmless. See *People v. Jones* (1979), 81 Ill. 2d 1, 405 N.E.2d 343.

Next, defendant contends that the trial court's exclusion of evidence of Padron's and Cantu's prior criminal activities and Padron's convictions were prejudicial to his defense.

■ After listening to both parties, the trial judge stated that the prior criminal convictions involved could not be used to show a person's propensity to commit a crime. The record reflects that defense counsel's argument supports the trial judge's ruling. In fact, defense counsel stated that the acts in question show "propensity toward violence." Even in cases where the defense of self-defense is raised, the victim's character trait for aggression cannot be introduced unless it is shown that the defendant knew of the trait. (*People v. Wolski* (1980), 83 Ill. App. 3d 17, 30, 403 N.E.2d 528, 538.) There is no such showing here. Therefore, the trial court correctly applied Illinois law in excluding the evidence in question.

Defendant next contends that State improperly insinuated that he was a member of a gang and that those remarks resulted in a violation of his constitutional rights. Defendant speculates as to what the jury's reasons were for rejecting his self-defense testimony. He apparently concludes that the prosecutor's remarks were the reason for his conviction. This argument is without merit.

There was sufficient evidence from which the jury could reasonably make a finding of guilty without the remarks complained of by defendant. Defendant testified that he shot the victims and fired two additional shots at Padron as the latter tried to flee. The pathologist's report showed that the deceased was shot in the back. The error complained of is not apparent, neither from the record nor from defendant's argument.

Defendant's final contention is that his trial counsel was incompetent, thus, denying him the right to effective assistance of counsel.

Since *Cuyler v. Sullivan* (1980), 446 U.S. 335, 64 L. Ed. 2d 333, 100 S. Ct. 1708, several Illinois appellate court decisions suggest a shift toward applying a single standard of competence for both retained and appointed counsel. Those courts have said that the defendant must demonstrate actual incompetence of counsel which affects the outcome of the case. (See *People v. Talley* (1981), 97 Ill. App. 3d 439, 422 N.E.2d 1084; *People v. Scott* (1981), 94 Ill. App. 3d 159, 418 N.E.2d 805.) This standard has not been applied by the Illinois Supreme Court.

██ With the benefit of hindsight, defendant points out specific acts or omissions by his trial counsel as proof of the lawyer's incompetence. A careful review of the record reveals nothing that rises to the level of incompetence. The acts and omissions complained of are well within the recognized areas of judgment and trial technique which every trial lawyer must determine on an individual basis. (See *People v. Elder* (1979), 73 Ill. App. 3d 192, 391 N.E.2d 403.) We cannot conclude that defendant's trial attorney was incompetent.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

LINN, J., concurs.

JUSTICE JIGANTI, dissenting:

The defendant testified that he pulled his gun and shot Mario Cantu only after Cantu began to remove a gun from his pocket and pivoted to shoot the defendant. The defense hinges on the reasonableness of the defendant's belief at the time he shot and killed Cantu. If his belief that the use of force was necessary was reasonable, his act is an act of self-defense and he is entitled to be acquitted under section 7—1 of the Illinois Criminal Code of 1961. (Ill. Rev. Stat. 1981, ch. 38, par. 7—1).) If, however, his belief was unreasonable he is guilty of voluntary manslaughter under section 9—2(b). (Ill. Rev. Stat. 1981, ch. 38, par. 9—2(b).) The failure of the court to give the instruction on voluntary manslaughter prevented the defendant from having the jury properly consider the issue central to his defense, that is, the reasonableness of his belief.

The majority concedes that the trial court erroneously failed to give the voluntary manslaughter instruction but contends that the error is harmless because the evidence is clear and convincing. In my judgment the evidence is anything but clear and convincing, particu-

larly when one considers that the subjective nature of the defendant's defense rests upon the reasonableness of his belief that the use of force was necessary.

Accordingly, I would reverse the defendant's conviction for murder and remand this case for a new trial.