UNITED STATES of America, ex rel.,
Larry COSEY, Petitioner-Appellee,

v.

Dennis WOLFF, Warden, and Tyrone
Fahner, Attorney General,
Respondents-Appellants.

No. 81-2966.

United States Court of Appeals,
Seventh Circuit.

Argued April 15, 1982.

Decided July 14, 1982.

Sam Adam, Chicago, Ill., for petitioner-appellee.

Kenneth A. Fedinets, Chicago, Ill., for respondents-appellants.

Before PELL, Circuit Judge, GIBSON,* Senior Circuit Judge, and ESCHBACH, Circuit Judge.

PER CURIAM.

This is an appeal of the district court's order granting summary judgment to Larry Cosey in his § 2254 petition for a writ of habeas corpus. Because the district court erred in granting Cosey's motion for summary judgment, we reverse and remand for further proceedings.

I.

Cosey was indicted by the Cook County Grand Jury in connection with the shooting and robbery of Michael Lightfoot. At a bench trial in the state court, Lightfoot testified that he accompanied Cosey to Cosey's basement apartment between 2:00 a. m. and 3:00 a. m. on November 6, 1977. Lightfoot put his .38 caliber revolver on a table while he counted money received from

* The Honorable Floyd R. Gibson, Senior United States Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

heroin sales. A co-defendant of Cosey, Ernest Van Johnson, was also at the apartment. Johnson took Lightfoot's gun and shot him. A fight ensued, with Johnson and Cosey attacking Lightfoot. The fight continued to the hallway and the bathroom. Lightfoot was shot six times, he hit Johnson in the face with a bottle, he scratched Cosey's face, he was thrown to the ground by Johnson and Cosey, and they hit him with hammers. Finally, Lightfoot was put in the trunk of a car where he was found the following morning.

The court found Cosey and Johnson guilty of attempted murder, aggravated battery, and armed robbery on October 4, 1978, and sentenced petitioner Cosey to concurrent terms aggregating twenty years. On November 6, 1978, Cosey's counsel moved for a new trial, alleging that five witnesses would testify that the events as described by Lightfoot could not have occurred at Cosey's apartment on the night in question. The court denied the motion, and noted that "[q]uite evidently all of the matters referred to in the affidavits were known to the defendants prior to trial. There's no rational explanation in the motion as to why the alleged evidence was not used in the course of the trial and at this time the affidavits comprise a compilation of afterthoughts." Trial Transcript at 265.

Cosey appealed to the Illinois Appellate Court, alleging that he had been denied his constitutional guarantee to effective assistance of counsel[1] because of his trial lawyer's failure to investigate and present the testimony of the aforesaid witnesses. The Illinois Appellate Court affirmed the conviction, concluding that Cosey's privately retained counsel was not of such a low caliber as to reduce the proceedings to a farce or sham. *People v. Cosey*, 82 Ill. App.3d 968, 38 Ill.Dec. 425, 403 N.E.2d 656

(1980). The Illinois Supreme Court denied leave to appeal, and the United States Supreme Court denied the petition for a writ of certiorari. *Cosey v. Illinois*, 449 U.S. 1115, 101 S.Ct. 928, 66 L.Ed.2d 845 (1981).

Cosey then filed his petition for habeas corpus in the district court pursuant to 28 U.S.C. § 2254 (1976). Respondents argued that Cosey's right to effective assistance of counsel was adequately protected by the "farce or sham" test applied by the Illinois Appellate Court. The district court granted Cosey's motion for summary judgment, finding there was no genuine issue as to any material fact and that Cosey was entitled to judgment as a matter of law. *United States ex rel. Cosey v. Wolff*, 526 F.Supp. 788 (N.D.Ill.1981). The district court ordered that Cosey be discharged unless he was given a new trial within a reasonable time, but the district court stayed that order pending appeal to this court.

## II.

The basis of Cosey's federal claim is that he was denied his right to effective assistance of counsel.[2] Cosey's claim in the district court (as well as in his direct appeals from his conviction) is that his counsel was constitutionally ineffective in failing to call five witnesses who could have impeached the chief prosecution witness, the victim, Lightfoot. The essence of their testimony was to be that there could not have been a bloody, fierce fight with gunshots at Cosey's apartment in the early morning hours of November 6, 1977. Affidavits of these witnesses were attached to Cosey's motion for a new trial. Two affiants, Cosey's stepfather and a second-floor tenant in Cosey's building, stated they were home on the night in question and heard no unusual

1. The sixth amendment provides, in pertinent part: "In all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence." In *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), the Supreme Court held that this right is fundamental and essential to a fair trial, and is therefore made obligatory upon the states by the fourteenth amendment's due

process clause. *Id.* at 342, 83 S.Ct. at 795. The Supreme Court has also recognized that the right to counsel is the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771, 771 n.14, 90 S.Ct. 1441, 1449 n.14, 25 L.Ed.2d 763 (1970).

2. *See* note 1, *supra.*

noises. Cosey's mother and a carpenter hired by her stated that the basement was being remodeled, that they saw the basement before and after the night in question, and noticed no change in the premises. The girlfriend of Cosey's co-defendant, Johnson, stated that she spent the evening in question with Johnson. We must determine whether the district court correctly ruled that Cosey was entitled to summary judgment because of his counsel's failure to call these witnesses.

## A.

■ First we note that the district court acted properly in considering the issue of effective assistance of counsel rather than deferring to the determination of the Illinois Appellate Court on that issue. Although a federal court considering an application for a writ of habeas corpus must generally presume that state court factual determinations are correct, *Sumner v. Mata*, 449 U.S. 539, 547, 101 S.Ct. 764, 769, 66 L.Ed.2d 722 (1981); 28 U.S.C. § 2254(d) (1976), in the instant case the Illinois Appellate Court made an incorrect legal determination. A legal determination or a mixed determination of law and fact is open to review upon collateral attack in a federal court. *Cuyler v. Sullivan*, 446 U.S. 335, 342, 100 S.Ct. 1708, 1715, 64 L.Ed.2d 333 (1980). In holding that Cosey's counsel was not constitutionally ineffective, the Illinois Appellate Court applied a test for privately retained counsel of whether counsel was of such a low caliber as to reduce the proceedings to a farce or sham. *People v. Cosey*, 403 N.E.2d at 661. Illinois applied a different standard for court-appointed counsel, whether counsel was actually incompetent and whether such incompetence produced substantial prejudice without which the result would probably have been different. *See People v. Talley*, 97 Ill.App.3d 439, 52 Ill.Dec. 874, 422 N.E.2d 1084, 1087 (1981). The Supreme Court has stated that the constitutional right to effective assistance of counsel applies to retained counsel as well as appointed counsel, and that there is no basis for distinction between the two. *Sullivan*, 446 U.S. at 344–45, 100 S.Ct. at 1716. Illinois courts responded to *Sullivan* by holding that only the test for appointed counsel can be applied. *People v. Scott*, 94 Ill.App.3d 159, 49 Ill.Dec. 785, 418 N.E.2d 805, 808 (1981). Furthermore, we have held that a defendant, whether represented by privately retained or court-appointed counsel, has the constitutional right to counsel whose performance meets a minimum professional standard. *United States ex rel. Williams v. Twomey*, 510 F.2d 634, 640 (7th Cir.), *cert. denied*, 423 U.S. 876, 96 S.Ct. 148, 46 L.Ed.2d 109 (1975). In light of the erroneous standard applied by the Illinois Appellate Court, the district court had to decide whether Cosey's counsel failed to meet constitutional standards.

## B.

■ Although the district court acted properly in considering Cosey's claim, it erred in granting Cosey's motion for summary judgment. The district court did not have enough facts established of record to determine whether Cosey's counsel was constitutionally ineffective. State habeas cases rarely are proper cases for summary disposition in granting the writ. Where the issue is lack of effective assistance of counsel, a mixed question of fact and law is presented. Factual issues demand a hearing in this context. The targeted counsel, if at all available, should be called and given the opportunity to meet and refute the serious charges made against him. Fairness demands both sides be heard.

Before the district court, respondents argued that the failure of Cosey's counsel to call the witnesses was an exercise of trial strategy. The State had taken this position in Cosey's direct appeals. The district court concluded that the failure to present the five witnesses could not be considered trial strategy or a "judgment call." 526 F.Supp. at 791. The issue is not so clear, however, and therefore respondents were entitled to a hearing. The district court could not say as a matter of law that the failure to call the witnesses showed incompetence. For instance, as the Illinois Appellate Court pointed out, three of the potential witnesses

(Cosey's mother, his stepfather, and the co-defendant's girlfriend) were biased because of their relationship to the defendants. 403 N.E.2d at 661. Also, counsel may have believed that the witnesses' testimony would be false. Other legitimate explanations for the failure to call the witnesses might have become evident at a hearing. Therefore, there is a material question of fact as to whether the failure to call the witnesses was a matter of trial strategy, and respondents are entitled to a hearing on this issue.

### C.

Before this court, the respondents have argued that there was no evidence that Cosey's counsel was aware of the witnesses. If this is true, and if the lack of knowledge was not due to counsel's failure to adhere to the constitutional standard of competence, counsel was not constitutionally ineffective in not calling the witnesses. *Washington v. Watkins*, 655 F.2d 1346, 1356 (5th Cir. 1981); *Matthews v. United States*, 518 F.2d 1245, 1246 (7th Cir. 1975). However, respondents did not raise this issue in the district court until their motion for reconsideration. The district court refused to consider the lack of knowledge argument. 526 F.Supp. at 792–93. The district court apparently thought it was precluded from doing so because in the state court proceedings the State had not made the lack of knowledge argument.

In reaching this conclusion, the district court relied on *Ulster County Court v. Allen*, 442 U.S. 140, 152–54, 99 S.Ct. 2213, 2222–23, 60 L.Ed.2d 777 (1979), and *Steagald v. United States*, 451 U.S. 204, 208–09, 101 S.Ct. 1642, 1646, 68 L.Ed.2d 38, 43–44 (1981), for the proposition that a party cannot relitigate issues on a basis other than that consistently maintained in prior proceedings. The *Allen* case does not stand for this proposition. In *Allen*, the Supreme Court decided that it could review a constitutional claim even though that claim was raised for the first time in state proceedings only after the jury announced its verdict. *Id*. at 148–49, 99 S.Ct. at 2220. The Supreme Court would not have considered a

constitutional issue raised after the verdict if there were adequate and independent state grounds for the state court decision. *Id*. The Supreme Court concluded that there were not adequate and independent state grounds. *Id*. at 152–54, 99 S.Ct. 2222–23. The *Steagald* case deals with a party changing its position on appeal, and of course a habeas corpus proceeding is not an appeal of a state court decision.

■ Cosey argues that the requirement that habeas corpus petitioners first bring their claims in state court, *see Rose v. Lundy*, —— U.S. ——, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), precludes respondents from raising issues not raised by the State in the Illinois courts. This argument shows a misunderstanding of the nature of the Great Writ. The purpose of the exhaustion requirement, based on principles of comity, is to minimize friction between state and federal judicial systems by reducing the instances in which a federal court upsets a state court conviction. *Id*. at —— – ——, 102 S.Ct. at 1203–04, 71 L.Ed.2d at 387–88. These principles are not applicable when the argument raised for the first time in federal court asks that the state court action not be changed.

On remand, the district court can determine whether there are other factors which should preclude consideration of respondents' argument that Cosey's counsel was unaware of the witnesses.

### III.

For the foregoing reasons, the judgment is reversed. Upon remand, the case shall be reassigned by the district court for trial before a judge other than the judge who heard the proceeding below, pursuant to 7th Cir.R. 18.