**UNITED STATES of America ex rel. Randolph WILLIAMS, Petitioner-Appellant,**

v.

**Joseph BROWN, Sheriff of Champaign County, Illinois, Respondent-Appellee.**

No. 81–2382.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 15, 1983.

Decided Nov. 21, 1983.

Ellen M. Babbitt, Butler, Rubin, New-comer, Saltarelli & Boyd, Chicago, Ill., for petitioner-appellant.

David E. Krchak, Urbana, Ill., for respondent-appellee.

Before PELL and CUDAHY, Circuit Judges, and GRANT, Senior District Judge.*

GRANT, Senior District Judge.

Petitioner-Appellant Randolph Williams appeals from the district court's denial of his petition for a writ of habeas corpus in which he alleged that he was denied effective assistance of counsel in violation of the Sixth Amendment.

### Facts

In a two-count information filed on April 25, 1979, the State of Illinois charged petitioner Williams with theft of a pickup truck and disorderly conduct (knowingly filing a false police report). Williams retained as his trial counsel one Thomas C. Hughes, Jr. (hereinafter "trial counsel"). This case arises from Hughes' representation of Williams at trial.

### a). *The Trial*

On May 17, 1979, Judge Skillman issued a comprehensive pretrial discovery order giving the State 10 days and trial counsel 20 days for discovery. Trial, originally slated for June 11, 1979, did not begin until June 13, 1979.

Before jury selection began on the morning of trial, the trial court ruled on several preliminary matters. Trial counsel initially moved to strike Count 3 of the complaint (alleging felony theft) on the grounds that it was identical to Count 2 (alleging defendant's receipt of stolen property). The State's Attorney indicated that he had earlier amended the complaint to make Count 3 a lesser included offense of Count 2. Trial counsel admitted that he had received a copy of the amended complaint but had not read it. When the court denied trial counsel's motion, trial counsel attempted to lodge an "oral notice of appeal."

That same morning, the State's Attorney moved the trial court for an order requiring trial counsel to either make defense wit-

---

* The Honorable Robert A. Grant, Senior District Judge for the Northern District of Indiana, sitting by designation.

nesses available to the State for interviews during lunch break that day, or to provide the State with written summaries of each witness' testimony. Despite the court's comprehensive discovery order of May 17, trial counsel had failed to provide the State with a list of witnesses until the morning of trial, even though the State had fully complied with the court's discovery order. Trial counsel offered a variety of excuses for his failure to comply with the court's May 17 discovery order, first stating that he had not expected the case to be tried so soon,[1] and then arguing that he had diligently attempted to comply. The court found that trial counsel had not diligently complied with its discovery order and granted the State's motion requiring trial counsel to make his witnesses available for interview or to provide written summaries of their testimony.

Later that morning, following jury selection, trial counsel presented the court with a handwritten notice of appeal from the trial court's earlier rulings. The court rejected the notice of appeal on the ground that its orders were interlocutory, not final.[2]

Following a short recess, the jury was reconvened and trial commenced. Trial counsel's lack of familiarity with Illinois trial procedure as well as his lack of preparation for his client's trial soon became obvious. For example, the State, as part of its case-in-chief, referred one of its witnesses to an odometer mileage statement for the stolen pickup truck. Trial counsel moved to strike the exhibit even though it had not yet been marked, identified or admitted. Trial counsel argued that he had not been permitted to review the odometer mileage statement. Upon inquiry by the court, it became obvious that trial counsel had never seriously attempted to get a copy of the statement. The trial court refused to strike the exhibit.

Other errors permeated trial counsel's performance. He showed an unfamiliarity with direct and cross-examination. He had difficulty in responding to simple objections, even to the point where trial counsel abandoned certain lines of examination. Trial counsel failed to move for a directed verdict when the State rested its case.

On the second day of trial, the State opened by presenting the court with a copy of its supplemental discovery (summaries of the State's expected rebuttal testimony). Trial counsel objected, contending he had not received a copy of it. The record provides:

1. The trial record clearly indicates that trial counsel knew the case would be tried on June 11:

> MR. HUGHES [trial counsel]: Your honor, I just received the names of the witnesses yesterday. Yesterday. And I spoke with the witnesses yesterday afternoon. I informed Mr. Ford this morning that I had a list of witnesses. I didn't know the names of the witnesses myself until yesterday.
> THE COURT: Well, I suppose the question is, Mr. Hughes, as it comes up, is do [sic] this. Why not? This case was set for trial and I don't know why it is that the day before trial you would furnish the names of witnesses, but whatever source it was from which you obtained the names of witnesses, it occurs to me that maybe you could have asked two weeks ago, or three weeks ago.
> MR. HUGHES: Yes, your honor. I did not receive actual notice that the trial would be had until I received a phone call from yourself Monday afternoon.
> THE COURT: Mr. Hughes, what did you think the orders meant back on May 17 and—or, rather, May 21 and May 25 and June 1, when Judge Jensen, three times, said this case is going to be tried June 11? What did that mean?
> MR. HUGHES: That meant to be ready and prepared on June 11.
> THE COURT: Well, I don't understand what you are telling me when you say you didn't have any idea this case was going to trial.
> (R. Vol. II, pp. 18–19).

2. The trial judge noted there was no authority allowing appeals from his earlier rulings:

> THE COURT: Are they interlocutory orders?
> MR. HUGHES: They are final orders.
> THE COURT: You mean final and appealable, in the sense that term is used?
> MR. HUGHES: Yes.
> THE COURT: Mr. Hughes, that isn't the law in the State of Illinois. And not only isn't it the law, it isn't even arguably the law. You have any authority that you are prepared to cite as to the fact that the Defendant may appeal the denial of a motion to dismiss certain counts?
> (R. Vol. II, pp. 29–30).

MR. HUGHES [trial counsel]: Your honor, I didn't receive a copy of this [the Supplemental Discovery] yesterday.

THE COURT: You didn't receive a copy?

MR. HUGHES: No.

MR. FORD [State's Attorney]: Your honor, I was standing outside the court room and I gave it to him. He asked me what it was. I told him what it was. He said he didn't want it, to give it to him tomorrow morning. I said I'm giving it to him now. My secretary is going to file an affidavit. I told him he could do with it what he wanted to do, and he walked and put it on the steps of the court house, and I walked away.

THE COURT: O.K. What about that Mr. Hughes?

MR. HUGHES: Mr. Ford was giving me a copy as we were leaving, and I said, 'If it's in regard to this case give it to me in court. If it's regarding this case I want you to hand it to me in court. You know.' *We were done for the day.* That's all.

THE COURT: Well, then, apparently what Mr. Ford is stating now is an accurate statement?

MR. HUGHES: I said, '*We are done for the day here.* I mean, give it to me in court.'

(emphasis supplied). Trial counsel then changed his objection and argued that, since the State had rested, it was barred from presenting any more testimony. The court explained to trial counsel the role of rebuttal testimony.

The jury was brought back in. Trial counsel then indicated that he wanted "to make a statement." After the jury was sent out, trial counsel moved for a mistrial on the grounds that the court's "language tone" towards him was very prejudicial. The court denied trial counsel's motion.

Trial counsel then moved for a mistrial on the grounds that he was required to withdraw from the case because of a conflict of interest, but he was unable to elaborate for the court what constituted this conflict of interest. Trial counsel then moved for a mistrial because his client, Williams, would not follow his advice. The court denied trial counsel's motions.

The jury was once again reconvened but before proceedings could begin, Williams spoke out and stated that his attorney was incompetent. After the jury was sent out, trial counsel moved for his own withdrawal, and for a mistrial because of Williams' statement. Williams told the court that he supported trial counsel's motion for withdrawal because he believed that trial counsel was incompetent, and that the trial court was prejudiced against trial counsel. The court denied both motions.

Trial recommenced. Trial counsel called his remaining witnesses and also recalled the State's main witness as an adverse witness. Trial counsel attempted to lead the adverse witness and the State objected. The State's objections were sustained when trial counsel failed to argue that the adverse witness was hostile.

Williams never took the stand on his own behalf during the course of the trial, allegedly because of trial counsel's advice that he would be impeached by several previous convictions which, at the time of trial, were more than 15 years old. Trial counsel failed to submit any jury instructions. After closing arguments, the jury found Williams guilty on both counts. Williams was sentenced to 30 months probation, with alternate weekends in jail for 18 months and payment of a $10,000 fine and $1,200 restitution.

### b). *Post-trial Proceedings*

Williams then retained new counsel and argued in a post-trial motion that he had been denied effective assistance of counsel in violation of the Sixth Amendment.[3] The trial court denied the motion, finding that while trial counsel's performance was substandard, it was not so poor as to amount to no representation at all.

---

**3.** The Sixth Amendment provides:

In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury ... and to have the Assistance of Counsel for his defense.

Williams then appealed to the Illinois Appellate Court. The appellate court acknowledged that trial counsel's performance was substandard, and even noted 6 instances of ineptness which could not be defended.[4] Nonetheless, the appellate court, applying a "farce or sham" standard, held that Williams' constitutional right to the effective assistance of counsel had not been denied. Williams then filed a petition for a writ of habeas corpus which was denied for failure to exhaust state remedies.

Williams filed a petition for post-conviction relief in the trial court. After an evidentiary hearing at which four witnesses, including Williams, testified, the trial court reiterated its view that Williams receive adequate, albeit substandard, assistance of counsel.

Williams then filed the present petition for a writ of habeas corpus. The district court properly found that it was required to evaluate trial counsel's performance under the standard of whether trial counsel's representation of Williams met a "minimum standard of professional representation." *United States ex rel. Williams v. Twomey,* 510 F.2d 634, 641 (7th Cir.), *cert. denied,* 423 U.S. 876, 96 S.Ct. 148, 46 L.Ed.2d 109 (1975).

However, the district court erroneously determined that the state court's findings of attorney competency were factual determinations entitled to a presumption of correctness under 28 U.S.C. § 2254(d).[5] When Williams failed to establish that the state court's findings were not entitled to the statutory presumption of correctness, the district court accepted the state court's findings on the issue of attorney competency and denied Williams' petition. This appeal followed.

I.

Both sides agree that in light of this Court's recent decision in *United States ex rel. Cosey v. Wolff,* 682 F.2d 691 (7th Cir. 1982), the district court erred in deferring to the state court's finding of attorney competency. In *Cosey,* this Court noted that "[W]here the issue is lack of effective assistance of counsel, a mixed question of fact and law is presented." *Cosey, supra* at 693. "A legal determination or a mixed determination of law and fact is open to review upon collateral attack in federal court." *Id.* As such, the state court determination of attorney competency was not entitled to a presumption of correctness under 28 U.S.C. § 2254(d). *See Cuyler v. Sullivan,* 446 U.S. 335, 341–42, 100 S.Ct. 1708, 1714–15, 64 L.Ed.2d 333 (1980).

Petitioner Williams requests this Court to find as a matter of law that he was denied effective assistance of counsel, and remand to the district court with directions to vacate his conviction. The State argues that this Court should affirm the district court despite its failure to make an independent determination of attorney competency because the record clearly demonstrates that Williams was not prejudiced by the "alleged incompetence" of his attorney.

The standard of attorney competency which counsel must meet in order to

---

**4.** His attempts to file an oral notice of appeal from an order which could not then be appealed, his motion to strike an exhibit before it was marked, identified, or offered, his offer of his own exhibit into evidence prior to its identification, certain objections he made to instructions tendered by the State, and his failure to examine a portion of the State's documentary evidence prior to trial cannot be defended. Nor is there any apparent explanation for counsel's refusal to accept the State's tender of supplemental discovery. Other examples of counsel's ineptness could be listed. . . .

*People v. Williams,* No. 79–CF–441, slip op. at 3 (Ill.App.Ct. August 1, 1980).

**5.** 28 U.S.C. § 2254(d) provides:

In any proceeding instituted in a Federal court by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction in a proceeding to which the applicant for the writ and the State or an officer or agent thereof were parties, evidenced by a written finding, written opinion, or other reliable and adequate written indicia, *shall be presumed to be correct.* . . .

*See also Sumner v. Mata,* 449 U.S. 539, 546–47, 101 S.Ct. 764, 768–69, 66 L.Ed.2d 722 (1981).

protect a defendant's Sixth Amendment right to the effective assistance of counsel is set forth in *United States ex rel. Williams v. Twomey:*

> ... While a criminal trial is not a game in which the participants are expected to enter the ring with a near match in skills, neither is it a sacrifice of unarmed prisoners to gladiators. The criminal defendant, whether represented by his chosen counsel, or a public agency, or a court-appointed lawyer, has the constitutional right to an advocate whose performance meets a minimum professional standard.

510 F.2d at 640. While "the mere fact that a lawyer makes errors in the course of a trial does not demonstrate failure to meet minimum professional standards .... representation permeated by serious and inexplicable errors falls below minimum standards." *Wade v. Franzen,* 678 F.2d 56, 58 (7th Cir.1982).

■ This Court has carefully scrutinized the trial record and now holds that trial counsel's representation of Williams failed to meet the minimum professional standards required by this Circuit. The trial record is replete with instances which reflect not only trial counsel's lack of familiarity with Illinois trial procedure but also which indicate trial counsel's lack of diligence in preparing his client's case.

Trial counsel's unfamiliarity with trial procedure permeated every stage of the trial. He attempted to lodge oral notices of appeal from interlocutory orders, demonstrated an unfamiliarity with direct and cross-examination, was unable to respond to objections made by opposing counsel, attempted to make a statement before the jury, was unaware that the State could present rebuttal evidence, and allegedly admonished his client not to take the stand lest he be impeached by long outdated convictions.

Trial counsel also failed to diligently prepare his client's case. Despite a discovery order issued well in advance of trial, trial counsel did not provide the State with a list of witnesses until the morning of trial. Trial counsel failed to examine the odometer mileage statement which he knew the State intended to use at trial. For some inexplicable reason, trial counsel refused to accept and review the State's supplemental discovery. Trial counsel failed to read the State's amended complaint prior to trial, although he conceded he received it. In summary, the record reflects that the entire trial was permeated by serious and inexcusable errors.

The State contends, however, that a habeas petitioner who wishes to prevail on a theory of ineffective assistance of counsel must demonstrate prejudice. *See Hawkman v. Parratt,* 661 F.2d 1161, 1165 (8th Cir.1981). In essence, the state argues that even if Williams received inadequate assistance of counsel, at best, it constitutes harmless error.

This Court need not address whether a harmless error approach is appropriate in this case since we find that Williams was clearly prejudiced by trial counsel's incompetency. Defense witnesses failed to testify because trial counsel delayed in providing the state with a list of defense witnesses. Trial counsel abandoned lines of examination because of his ineptness. In the context of a largely circumstantial State case, trial counsel's incompetency precluded Williams from effectively presenting his case to the jury.

In *Cosey* and *Wade,* this Court suggested that "[W]here the issue is lack of effective assistance of counsel .... [t]he targeted counsel, if at all available, should be called and given the opportunity to meet and refute the serious charges made against him." *Cosey, supra* at 693; *Wade v. Franzen,* 678 F.2d at 58. In both *Cosey* and *Wade,* however, factual inferences remained which precluded this Court from determining the issue of attorney competency as a matter of law. Here, by comparison, the fully developed record on appeal demonstrates attorney incompetency. No possible trial strategy can justify the blunders made. Every court which has considered this trial counsel's performance has found it seriously deficient, and in many instances, indefensible. We hold, as a matter of law, that Williams

was denied effective assistance of counsel in violation of the Sixth Amendment. Judgment will be entered granting the writ of habeas corpus but staying execution of the writ on condition that the State of Illinois grant petitioner a new trial on the charges resulting in his conviction within a reasonable time not to exceed ninety days, and diligently and without delay prosecute the charges to final conclusion.

REVERSED AND REMANDED.