**UNITED STATES of America ex rel. Rickie COLE, Petitioner,**

v.

**Michael LANE, Respondent.**

**No. 84 C 639.**

United States District Court, N.D. Illinois, E.D.

Aug. 20, 1984.

John Lanahan, Asst. Public Defender, Chicago, Ill., for petitioner.

Kenneth A. Fedinets, Asst. Atty. Gen., Neil F. Hartigan, Ill. Atty. Gen., Chicago, Ill., for respondent.

1. Because Cole is the nonmoving party on the ultimately successful Rule 56 motion, all reasonable factual inferences have been drawn in his favor. See *Korf v. Ball State University,* 726 F.2d 1222, 1226 (7th Cir.1984).

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Rickie Cole ("Cole") has filed a 28 U.S.C. § 2254 ("Section 2254") petition for writ of habeas corpus, based on the admission into evidence at his state court murder trial of his allegedly involuntary confession. At Cole's request (and without objection) this Court treats the answer by Illinois Department of Corrections Director Michael Lane ("Lane"), together with Lane's subsequent filing of the state court record, as a Fed.R. Civ.P. ("Rule") 56 summary judgment motion. Cole, acting through counsel, has filed a cross motion for summary judgment. Based on the state court record and the analysis in this opinion, Lane prevails on both motions.

### *Facts* [1]

Cole was convicted of the murder of his estranged girlfriend, based principally on his July 30, 1979 confessions.[2] Before those confessions Elgin Police Detective Gary Shaver ("Shaver") told Cole if he cooperated he would probably be charged with manslaughter rather than murder because that was the approach generally taken in Cook County. Cole later confessed orally to Elgin police interrogators, repeated his confession for tape recording and finally signed a typed confession prepared by Elgin police.

Among the positions Cole asserted during the criminal proceedings against him was that his confessions should be suppressed as involuntary. Cole's November 26, 1980 Motion To Suppress Confessions ¶ 4 (R. 1454) stated:

Between 1:30 P.M. and 3:15 P.M. [July 30, 1979] Rickie Cole was handcuffed and repeatedly threatened in the Elgin Police Station by officers of the Elgin Police force. He had no food or drink during that period. After denying any involve-

2. Cole originally was convicted of two counts of murder and one count of armed violence, but the Illinois Appellate Court vacated everything but one murder conviction on double jeopardy grounds.

ment for [sic] the crime with which he was charged he was taken back and forth from room to room in said police station and continuously threatened and harrassed [sic] until he agreed, after being tricked by the police, into giving an involuntary confession.

In closing argument after a two-day hearing on Cole's motion to suppress, his attorney argued Shaver's statement to Cole was an impermissible promise of leniency rendering his confessions involuntary (see R. 704). That is the only ground on which Cole now seeks habeas relief.

Cook County Circuit Court Judge Kenneth Cohen denied Cole's suppression motion in a May 12, 1981 oral bench ruling, during which he considered each allegedly coercive circumstance. Before discussing Shaver's promise of leniency he quoted from *People v. Houston,* 36 Ill.App.3d 695, 344 N.E.2d 641 (1st Dist.1976), which held in part that promises of leniency in that case did not render a defendant's confession involuntary. Judge Cohen then stated (R. 725–26):

> We have mental—subtle mental threats. He was promised that he would be afforded leniency or considered that.
>
> · * * * * * *
>
> The Court feels that the words and acts that [sic] the police officers as described by the Defendant did not constitute the coercion. That there is nothing here to indicate that any of the acts or the words here were likely to produce[—]any acts or words of the police officers that [sic] were likely to produce[—]an untrustworthy confession.
>
> The Court feels that the confession was made freely, voluntarily, knowingly and intelligently, and that the State has met their [sic] burden by the preponderance of the evidence.
>
> Motion to Suppress Confession denied.

On appeal Cole argued (among other things) Judge Cohen had applied the wrong legal standard to the effect of promises of leniency on voluntariness of confessions. In an unpublished June 28, 1983 order the Appellate Court for the First District, 115 Ill.App.3d 1154, 78 Ill.Dec. 250, 461 N.E.2d 1084, (No. 81–1745, slip op. at 6) rejected that contention:

> Defendant also claims that the trial court erred in denying his motion to suppress his confession to the police because he made the confession after he had been offered leniency for cooperating. Defendant testified at his suppression hearing that the reason he eventually gave a confession was because the police told him that since the case was in Cook County, if he would cooperate he would be charged with manslaughter rather than murder; if he didn't cooperate, he would get what his brother did for raping a white girl. The officers who interviewed defendant at the station denied that they ever offered leniency to defendant, but that defendant decided to talk about the murder after he was asked to submit to fingernail scrapings and was advised of the purpose of this procedure.[3]
>
> Defendant argues that based upon the statements made by the trial court at the conclusion of the hearing on the motion to suppress, it is evident that the trial court accepted defendant's version that offers of leniency were made. However, even if defendant's account of offers of leniency are accurate, a review of case law regarding the voluntariness of confessions after such promises are made reveals that the totality of the circumstances surrounding the giving of the confession must be examined; and, establishing that an offer was made does not, in itself, establish involuntariness. *People v. Baine* (1st Dist.1980), 82 Ill. App.3d 604, 608, [38 Ill.Dec. 42], 403 N.E.2d 57, *appeal denied,* 81 Ill.2d 594.

---

**3.** [Footnote by this Court] Scrapings later revealed the substance around his cuticles was blood, as police had warned him it might be. However it turned out the sample was not large enough to obtain a blood type or other blood analysis, so it could not be linked to the commission of the murder.

We have reviewed the circumstances surrounding the giving of the confessions in this case and conclude that the trial court did not err in ruling that defendant's statements were made voluntarily.

Having exhausted his state court remedies, Cole filed the present petition.

### Application of Section 2254(d)

Lane argues the state courts' determination of voluntariness of Cole's confessions is entitled to a presumption of correctness under Section 2254, a presumption unrebutted by Cole. Cole claims Section 2254(d) does not apply at all—he says he does not attack Judge Cohen's *factual* determinations, challenging instead the *legal* standard the state courts applied to those factual determinations in concluding the confessions were voluntary.

Cole and Lane agree the voluntariness of Cole's confessions depends on "whether 'the totality of the circumstances' demonstrate [sic] that the accused did not make the decision to confess of his own free will." *Holleman v. Duckworth*, 700 F.2d 391, 396 (7th Cir.1983) (citations omitted). Even under the "totality of the circumstances" test, of course, a confession may not be "obtained by any direct or implied promises, however slight." *Hutto v. Ross*, 429 U.S. 28, 30, 97 S.Ct. 202, 203, 50 L.Ed.2d 194 (1976), quoting *Bram v. United States*, 168 U.S. 532, 542–43, 18 S.Ct. 183, 186–87, 42 L.Ed. 568 (1897).

Cole asserts two flaws in the state court decisions when measured against the federal standards:

1. As the Appellate Court confirmed, Judge Cohen found Cole did receive a promise of leniency, certainly exceeding the minimal standard in *Ross* that promises need only be "direct or implied promises, however slight." Thus, Cole says, the Illinois courts must have misapplied the federal standard.

2. Judge Cohen's oral bench ruling (R. 726) used a "trustworthiness" rather than a "voluntariness" standard.

Neither argument averts summary judgment for Lane.

As for the first argument, there is no necessary inconsistency between findings that (1) a promise was given and (2) Cole's confessions were nonetheless voluntary in light of "the totality of the circumstances." *Ross* does not teach a confession is per se involuntary simply because the confessor had first received a promise (however slight) from the police. It requires a confluence of a promise or promises *and* a confession "obtained by" such promise or promises. *United States v. Robinson*, 698 F.2d 448, 455 (D.C.Cir.1983) illustrates the point. There the defendant received two promises: first "that his cooperation 'would be made known' to the prosecutor" and second "that he would not be arrested and charged that very day." After quoting the *Ross* standard, *Robinson* concluded the promises to the defendant were not enough to "overbear his free will" under *Schneckloth v. Bustamonte*, 412 U.S. 218, 225–26, 93 S.Ct. 2041, 2046–47, 36 L.Ed.2d 854 (1973).

Cole Mem. 3 suggests even though a promise might not always render a confession involuntary, that must have been so in this case because Cole "also testified that he made a statement to the police as a direct result of what Shaver had told him." Cole then argues (*id.*):

> Neither the trial court nor the Illinois Appellate Court rejected this testimony; both held that even if Coles' [sic] testimony was true, it did not affect the voluntariness of the confession.

While it is true neither court rejected that testimony in so many words, it is misleading to say both courts assumed Cole's testimony was true. Examination of the two state court opinions clearly discloses they assumed only that Cole received a promise of leniency, not that everything Cole said about it was true.

■ Accordingly Cole's argument must fail. Findings by the state trial and appellate courts that Cole received a promise of leniency and that the confessions were nonetheless voluntary are really "tantamount to an express finding" the confes-

sions were not obtained by promise. *Marshall v. Lonberger*, 459 U.S. 422, 103 S.Ct. 843, 850, 74 L.Ed.2d 646 (1983). *Lonberger* held that when state court legal conclusions presuppose answers to "questions of historical fact" (*id.* at 849), factual matters implicitly resolved by such conclusions must be afforded the same weight under Section 2254(d) as express findings of fact. And while *Lonberger* concerned a state court's finding that a guilty plea was voluntary, *Patterson v. Cuyler*, 729 F.2d 925, 931–32 (3d Cir.1984) demonstrated *Lonberger* cannot properly be limited to such findings and must logically also extend to state court determinations that confessions were voluntary.

Thus Cole's state court opinions must be read as holding against him on the factual issue whether his confessions were "obtained by" Shaver's promise of leniency. Because Cole does not attack the adequacy of the trial court's factfinding under one of Section 2254(d)'s subsections, that holding is binding on this Court.

Cole's second argument is that even if the state courts' factfinding is not *necessarily* inconsistent with their legal conclusions, they applied the wrong legal standard to the voluntariness issue. On that score Cole has seized on Judge Cohen's already-quoted reference to the absence of any "acts or words of the police officers that were likely to produce an untrustworthy confession." *Rogers v. Richmond*, 365 U.S. 534, 544, 81 S.Ct. 735, 741, 5 L.Ed.2d 760 (1961) held that factor may not be considered in evaluating the voluntariness of confessions:

> The attention of the trial judge should have been focused, for purposes of the Federal Constitution, on the question whether the behavior of the State's law enforcement officials was such as to overbear petitioner's will to resist and bring about confessions not freely self-determined—a question to be answered with complete disregard of whether or not petitioner in fact spoke the truth.

Cole thus asks this Court to reevaluate the facts in light of the correct legal standard,

holding a hearing if necessary to make additional findings of fact. See *United States ex rel. Cosey v. Wolff*, 682 F.2d 691, 693–94 (7th Cir.1982), *appeal after remand*, 727 F.2d 656 (7th Cir.1984).

■ Where Cole's argument fails is in ascribing Judge Cohen's invocation of the confessions' trustworthiness to the promise-of-leniency argument at all. That contention was not the only one before Judge Cohen when he denied Cole's motion to suppress his confessions. Cole also had urged the Elgin Police had obtained his confession by trick (see n.3). *People v. Houston*, on which Judge Cohen relied, pertains to the effects of *both* promises of leniency and police deception. On the deception issue, which is not before this Court, *Houston*, 36 Ill.App.3d at 701, 344 N.E.2d at 646–47 (citation omitted) held:

> Courts will invalidate confessions resulting from a subterfuge that is likely to produce an untrustworthy confession.

By contrast *Houston* makes *no* reference to trustworthiness in evaluating the effects of promises of leniency.

Thus it is clear from the context that Judge Cohen must have been dealing with Cole's trickery argument—not his leniency argument—when the judge referred to the likelihood of producing an untrustworthy confession. That conclusion is fortified by the fact that the quoted sentence is the *only* one in Judge Cohen's ruling that can be construed as ruling specifically on Cole's trickery argument, the argument Cole advanced most strenuously in closing argument. Judge Cohen's failure to say he was not dealing with Cole's promise-of-leniency argument when he uttered the critical sentence is not a sufficient basis on which to hold a hearing or to grant Cole's petition.

■ Over and above that, even were a different view of Judge Cohen's ruling to be taken (unjustifiably), there is no indication whatever the Appellate Court committed the same "error" Cole attributes to Judge Cohen. As already noted, the Appellate Court applied *People v. Baine*—which, like *Houston*, contains the correct legal

standard.[4] Thus Cole has not presented facts from which it could reasonably be inferred his state court rulings applied the wrong legal standard to his claim his confessions were involuntary.

### Conclusion

There is no genuine issue of material fact, and Lane is entitled to a judgment as a matter of law. This Court determines no evidentiary hearing is required (see Rule 8(a) following Section 2254), and Cole's petition is denied.

---

**4.** Nor is there any reason this Court cannot rely on the state trial court's findings of fact to defeat one of Cole's arguments and rely on the Appellate Court's use of a particular legal standard to defeat the other. Implicit in the Appellate Court's application of the correct legal standard is its factual conclusion Cole's confessions were not "obtained by" a promise of leniency. Like factfinding in state trial court rulings, factfinding ascribed to state appellate court rulings is equally entitled to a presumption of correctness under Section 2254(d). See *Sumner v. Mata,* 449 U.S. 539, 545–47, 101 S.Ct. 764, 768–69, 66 L.Ed.2d 722 (1981).