UNITED STATES of America ex rel. Rickie COLE, Petitioner-Appellant,

v.

Michael LANE, Director, State of Illinois Department of Corrections, Respondent-Appellee.

No. 84–2606.

United States Court of Appeals, Seventh Circuit.

Submitted June 2, 1986.

Decided June 11, 1986.

---

John Lanahan, Office of Public Defender of Cook County, Chicago, Ill., for petitioner.

Kenneth A. Fedinets, Office of the Ill. Atty. Gen., Chicago, Ill., for respondent.

Before CUDAHY, FLAUM and EASTERBROOK, Circuit Judges.

PER CURIAM.

Rickie Cole was convicted of murder. The only issue in this collateral attack on the conviction is whether his confession is involuntary because obtained by use of (unkept) promises of lenity.

Cole contended that while he was in custody a police officer told him that he should confess, because if he did so he would be charged with manslaughter rather than murder. He confessed and was charged with murder. He also maintained that but for this promise he would not have confessed. After hearing evidence on the question, including the officer's denial, the trial judge stated:

> The Court feels that the words and acts that the police officers as described by the Defendant did not constitute the coercion. There is nothing here to indicate that any of the acts or the words here were likely to produce any acts or words of the police officers that were likely to produce an untrustworthy confession.

This statement, which must be a victim of problems in transcription, is a conclusion that even if the officer said what Cole claims, the statement did not "coerce" an "untrustworthy" confession.

The state's appellate court affirmed the conviction in an unpublished opinion. The portion addressing the motion to suppress the confession states:

> [I]t is evident that the trial court accepted defendant's version that offers of leniency were made. However, even if defendant's account of offers of leniency are [sic] accurate, a review of case law regarding the voluntariness of confessions after such promises are made reveals that the totality of the circumstances surrounding the giving of the confession must be examined; and, establishing that an offer was made does not, in itself, establish involuntariness. *People v. Blaine [Baine ]* (1st Dist.1980), 82 Ill. App.3d 604, 608, [38 Ill.Dec. 42] 403 N.E.2d 57, *appeal denied,* 81 Ill.2d 594.

> We have reviewed the circumstances surrounding the giving of the confessions in this case and conclude that the trial court did not err in ruling that defendant's statements were made voluntarily.

The district court denied Cole's petition for a writ of habeas corpus, holding that the state courts' decision is supported by findings of fact that are binding under 28 U.S.C. § 2254(d). 589 F.Supp. 848, 851–53 (N.D.Ill.1984). The district court reasoned that if the state courts accepted Cole's contention that there had been promises, yet found the confession voluntary, then they must have concluded that the officer's statement did not cause Cole to confess. Because a confession is involuntary only if "obtained by" the promises, this implicit finding of no causation made the state courts' decision invulnerable to attack. *Id.* at 851–52. The district court granted the state's motion for summary judgment and denied Cole's application for a certificate of probable cause to appeal. (We later granted a certificate.)

The district judge assumed that a state court's finding of voluntariness is presumed correct by virtue of § 2254(d). Only

by according the finding of voluntariness a presumption of correctness could the district court infer that the state courts *must* have found the absence of a causal link between the promise and the confession. Neither court stated that the promise did not induce Cole to confess. The district judge then used the implied finding of no causation to support the express conclusion that the confession was voluntary. This procedure—inferring lack of causation from the finding of voluntariness, then using lack of causation to demonstrate that the confession was voluntary—is circular, unless the state court's conclusion on voluntariness is presumed correct.

Since the district court wrote, the Supreme Court has held that § 2254(d) does not apply to the ultimate conclusion of voluntariness, although it does apply to subsidiary findings of fact. *Miller v. Fenton,* —— U.S. ——, 106 S.Ct. 445, 88 L.Ed.2d 405 (1985). *Miller* affects not only the appropriate standard of review but also the propriety of the method the district judge used to infer a finding of fact from silent opinions of the state courts. Given the holding of *Miller,* it is not permissible to infer from the state courts' conclusion that a confession was voluntary that the state courts "must have found" one or another subsidiary fact.

We do not decide whether Cole's confession was voluntary. The district court must reexamine that question in light of *Miller.*

Vacated and Remanded.