(No. 59135.—▮▮▮▮▮▮▮▮▮)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. DAWN LANGE *et al.*, Appellees.

*Opinion filed May 25, 1984.*

Neil F. Hartigan, Attorney General, of Springfield, and Michael M. McFatridge, State's Attorney, of Paris (David E. Bindi and Mark L. Rotert, Assistant Attorneys General, of Chicago, Robert J. Biderman and David E. Mannchen, of the State's Attorneys Appellate Service Commission, of Springfield, of counsel), for the People.

Clyde Meachum, of Meachum & Meachum, of Danville, for appellees.

JUSTICE SIMON delivered the opinion of the court:

We are called upon here to construe and apply the statute which governs the refund of bail bond in criminal cases. The statute (Ill. Rev. Stat. 1983, ch. 38, par. 110–7(f)) provides:

> "(f) *When the conditions of the bail bond have been performed and the accused has been discharged from all obligations in the cause* the clerk of the court shall return to the accused, unless the court orders otherwise, 90% of the sum which had been deposited and *shall retain as bail bond costs 10% of the amount deposited. \*\*\*"* (Emphasis added.)

More specifically the question presented is whether the amount to be retained by the court clerk is 10% of the amount of the original bond or 10% of the amount on deposit when the criminal proceeding is finally concluded.

The defendants were charged with various felonies and their bonds were set by the circuit court of Edgar County

at $100,000 each. They each posted, as permitted by the statute, 10% of that amount—$10,000. When the circuit court dismissed all charges against the defendants on the ground that the statute of limitations had run, the State appealed, and the trial judge reduced the bond of each defendant from $100,000 to $10,000 pending appeal. The circuit court retained $1,000 in each case as costs on the amount originally posted (10% of $10,000). The appellate court affirmed the dismissal of the charges (105 Ill. App. 3d 822) and, upon remand of the case to the circuit court for return of bond, a dispute arose as to the amounts to which the defendants were entitled. The defendants' position was that the statute permitted the court clerk to retain 10% of the $1,000 cash amount posted at the time the appellate court affirmed the dismissal of the charges ($100). The circuit court ruled that the clerk could retain as bail-bond costs 10% of the amount of the cash originally deposited (10% of $10,000, or $1,000). The defendants returned to the appellate court, and, with one judge dissenting, it reversed the disposition of the circuit court, holding that the controlling amount was that on deposit when the case was finally resolved on appeal. (117 Ill. App. 3d 735.) We allowed the State's petition for leave to appeal (87 Ill. 2d R. 315), and we now affirm the appellate court.

The State seeks the best of all possible worlds. Its position is that if the bond prior to disposition in the trial court is higher than the bond pending appeal, the bail-bond costs are to be measured on the basis of the amount of the earlier bond. On the other hand, if, contrary to what happened here, the amount of the bond is increased pending appeal, bail-bond costs are to be computed on the size of the bond on completion of the appeal. The wording of the statute clearly does not justify the State having it both ways.

We therefore address ourselves to the State's alternate position—that where a case is disposed of in a reviewing

court by reason of either the State's or the defendant's appeal, bail-bond costs are to be computed on the basis of the amount of bail which had originally been on deposit in the circuit court. The appellate court regarded the words "sum which had been deposited" and "amount deposited" as ambiguous. However, any ambiguity in those expressions is clarified by the statutory directive that bail-bond costs are not to be fixed until "the accused has been discharged from all obligations in the cause." (Ill. Rev. Stat. 1983, ch. 38, par. 110—7(f).) This refers to the time when the reviewing court has resolved the matter, and we believe, therefore, that the provisions which the appellate court found to be ambiguous refer to the "amount deposited" at that time.

Our conclusion is reinforced by the observation that the amount of the bond could be reduced to less than 10% of the amount initially established. In that event, applying the State's construction of the statute, there would not be a sufficient amount on deposit to cover the costs that might be imposed. The statute provides only that bail-bond costs are to be recovered by "retain[ing] *** 10% of the amount deposited." (Ill. Rev. Stat. 1983, ch. 38, par. 110—7(f).) It does not authorize recovery of bond costs by any other means. It does not provide that the defendant make up any deficiency. Therefore, it would be illogical to attribute to the legislature any intent to assess bail-bond costs on the basis of any amount other than that in effect when the case is terminated.

The State would avoid this problem by authorizing the court clerk, when the amount of a bond is reduced, to retain an amount equal to 10% of the original amount deposited. The statute, however, does not authorize this procedure, and were we to permit it, we would be rewriting the statute.

In many cases, the initial amount of bond is established in an *ex parte* proceeding where the State's Attorney is

free to recommend the bond amount without any presentation by the defendant's attorney. When the defendant obtains an attorney, the amount originally fixed as bail is sometimes reduced. We regard a procedure which permits bail-bond costs to be assessed on the basis of a high bond originally set in this manner, but later reduced during the proceeding in the circuit court, as inequitable.

For the above reasons, we believe that the appellate court's interpretation of the statute was the proper one, and that the trial judge exceeded his authority by assessing costs in excess of 10% of the amount deposited at the time the case was concluded.

The judgment of the appellate court is affirmed.

*Judgment affirmed.*