NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 240256-U

NO. 4-24-0256

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
September 30, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Greene County |
| KIT W. SCHLIEPER, | ) | No. 23CF18 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Zachary A. Schmidt, |
| | ) | Judge Presiding. |

JUSTICE VANCIL delivered the judgment of the court.
Justices Harris and Lannerd concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The appellate court granted appellate counsel's motion to withdraw and affirmed the trial court's judgment, concluding no meritorious issues could be raised on appeal.

¶ 2   Defendant, Kit W. Schlieper, pleaded guilty to unlawful possession of methamphetamine, a Class 1 felony (720 ILCS 646/60(b)(3) (West 2022)). After sentencing, he filed a *pro se* motion for the return of the bond money in his case. The trial court ruled that the bond money left after covering defendant's court costs had already been returned to him and dismissed his motion. Defendant appealed, and the Office of the State Appellate Defender (OSAD) was appointed to represent him. Counsel then filed a motion for leave to withdraw, stating that an appeal would be without arguable merit.

¶ 3   We grant counsel's motion and affirm the judgment of the trial court.

¶ 4                                     I. BACKGROUND

¶ 5 On February 17, 2023, the State charged defendant by information with the following four counts: (1) unlawful possession of methamphetamine with intent to deliver (more than 15 grams, but less than 100 grams), a Class X felony (*Id.* § 646/55(a)(2)(c)) (count I); (2) unlawful possession of methamphetamine (more than 15 grams, but less than 100 grams), a Class 1 felony (*Id.* § 646/60(b)(3)) (count II); and (3) unlawful delivery of methamphetamine (less than 5 grams), a Class 2 felony (*Id.* § 646/55(a)(2)(A)) on two separate occasions (counts III and IV). His bond was set at $25,000.

¶ 6 On May 5, 2023, an individual named Krista Taylor posted 10% of the $25,000 bond, totaling $2500, to bail defendant out of jail. On the bail form Taylor and defendant signed, both agreed that, upon the discharge of defendant from all obligations in the case, 90% of the $2500 bond would be returned to defendant, and 10% would be retained as bail bond cost.

¶ 7 On August 8, 2023, as part of an agreement with the State, defendant pleaded guilty to count II. Pursuant to the agreement, the State dismissed counts I, III, and IV and agreed to recommend that defendant be sentenced to four years in the Illinois Department of Corrections, with one year of mandatory supervised release, and be assessed court costs only. At the hearing on the plea agreement, defendant confirmed his understanding of the agreement's terms. The trial court accepted his plea, and he was sentenced pursuant to the agreement.

¶ 8 Defendant was assessed $2465 in court costs related to his conviction. The trial court applied the previous $2500 bond amount to defendant's costs, paying them in full. The remaining $35 was transferred to another case of defendant's, Greene County case No. 22-MT-69.

¶ 9 On January 11, 2024, defendant filed a *pro se* "Motion for Return of Bond in Case Resolved." In his motion, he alleged an amount of $2750.50 was posted in the court for his

bond, and he was entitled to a return of 90% of that figure pursuant to section 100-7(f) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-7(f) (West 2022). We note that, at the time defendant's motion was filed, this section had been repealed by its own terms and its provisions moved to another section. See *Id.* § 110-7.5(c)(4). In a cover letter attached to his motion, defendant stated the list of court costs contained "some questionable expenses," including a "dubious" charge for a drug treatment assessment. Defendant claimed this assessment was misapplied, as his case was not drug-related and he was never adjudicated to be on drugs. He argued the trial court was not authorized "to fabricate a list of outlandish costs in order to avoid paying back any part of a bond" and that, even if the $2465 in costs assessed against him was legitimate, it would still leave $285.50 from his stated bond amount of $2750.50 to which he was entitled.

¶ 10         The trial court denied defendant's motion, finding (1) defendant's conviction for possession of methamphetamine was drug-related, and therefore the drug treatment assessment charge was appropriately applied, and (2) there was no error in the accounting in the case. The court also incorrectly stated that the remaining $35 left after defendant's court costs were paid had already been returned to him. As stated previously, this amount was not returned to defendant but applied to a separate case.

¶ 11         Defendant appealed the trial court's decision, and OSAD was appointed to represent him. Approximately two months after his notice of appeal was filed, defendant wrote a letter to the circuit clerk of Greene County, stating he had reviewed the court transcripts from his case and discovered the judge had never referenced any assessments of fines, fees, costs, or monetary punishment. Because he claimed no costs or fines were assessed against him, he did

not accept that he owed any court costs. He again requested the return of "all bond monies applied to this case, minus the ten percent."

¶ 12        On July 2, 2024, counsel filed a motion for leave to withdraw as counsel on appeal, citing *People v. Kuehner*, 2015 IL 117695 and *People v. Meeks*, 2016 IL App (2d) 140509, ¶ 9 (noting the Illinois Rules of Professional Conduct prohibit an attorney from raising frivolous issues). Counsel asserts that after reviewing the record on appeal and the applicable law, as well as discussing the case with another attorney, he concluded that defendant's appeal presents no potentially meritorious issues for review. Counsel also filed a memorandum of law setting forth a list of potential issues on appeal and why those issues did not merit review. Counsel provided notice and proof of service of his motion on defendant. This court granted defendant leave to file a response on or before August 6, 2024. Defendant did not file a response to counsel's motion.

¶ 13                                    II. ANALYSIS

¶ 14        In an appeal as a matter of right, the procedural guidelines set forth in *Anders v. California*, 386 U.S. 738 (1967), determine what steps an appointed attorney must take when a case appears to be frivolous. *Pennsylvania v. Finley*, 481 U.S. 551, 554-55 (1987). Under *Anders*, the attorney must

> "so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous." *Anders*, 386 U.S. at 744.

¶ 15 In his memorandum, counsel assesses the three issues raised by defendant in his motion for return of bond and discusses why he believes each is without merit. We will address them in turn.

¶ 16 A. Return of Bond Money

¶ 17 As an initial matter, we note that despite the claim in defendant's motion that an amount of $2750.50 was posted as his bail, the record shows the actual amount paid by Krista Taylor was $2500, plus a $25 processing fee. Appellate counsel bases his analysis of defendant's claims on the $2500 figure. Because we have no evidence suggesting this figure is incorrect, we will do the same.

¶ 18 Defendant first argues he is entitled to a return of 90% of the $2500 bond amount pursuant to section 100-7(f) of the Code (725 ILCS5/110-7(f) (West 2022)). As stated previously, at the time defendant's motion was filed, this section had been repealed and its provisions moved to section 110-7.5(c)(4). *Id.* § 110-7.5(c)(4). That section provides, in part:

> "When the conditions of the previously posted bail bond have been performed and the accused has been discharged from all obligations in the cause, the clerk of the court shall return to the accused or to the defendant's designee by an assignment executed at the time the bail amount is deposited, unless the court orders otherwise, 90% of the sum which had been deposited and shall retain as bail bond costs 10% of the amount deposited." *Id.*

¶ 19 In *People v. Lange*, 102 Ill. 2d 225, 228 (1984), our supreme court determined that the defendant had been " 'discharged from all obligations in the cause' " at the time the case concluded in the reviewing court, where it had been taken following the State's appeal. Here, because defendant did not appeal his conviction, we find he was discharged from all obligations

in the case when the case concluded in the trial court. At that time, his account balance was $2500, or 10% of his $25,000 bond. His court costs were assessed at $2465, which included the statutory 10% clerk retention of $250. Subtracting $2465 from defendant's balance of $2500 left $35 remaining in defendant's account. See *People v. Molidor*, 2012 IL App (2d) 110006, ¶ 20 (affirming the use of defendant's bond being used to pay court costs). That remaining $35 was then applied to another of defendant's cases in the same county, case No. 22-MT-69.

¶ 20　　　　　Pursuant to section 110-7.5(c)(4), in counties with a population under 3 million, a court may use a bail bond to satisfy obligations in a separate case after first being used to satisfy court costs in the case in which the bond has been deposited. 725 ILCS 5/110-7.5(c)(4) (West 2022). According to the most recent census data, Greene County, where the proceedings in the current case occurred, has a population of 11,985. United States Census Bureau, https://data.census.gov/profile/Greene_County,_Illinois?g=050XX00US17061 (last visited Sept. 17, 2024).

¶ 21　　　　　We therefore agree with counsel that the trial court was correct in its application of defendant's bail money and defendant is not entitled to a return of any amount. We find no meritorious argument can be raised with respect to this issue.

¶ 22　　　　　　　　　　　　　　B. Court Costs

¶ 23　　　　　Defendant also argues that the court costs he was assessed were "outlandish" and "fabricate[d]" in order to keep his bond money. He takes particular issue with the $1500 drug treatment assessment, as he claims his case was not drug-related because he was never adjudicated to be on drugs.

¶ 24　　　　　Defendant's court costs totaled $2465. That amount was comprised of the aforementioned clerk assessment of $250 (10% of defendant's bond) and $2215 in various other

assessments, including the drug treatment assessment. These latter assessments were made pursuant to section 15-15 of the Criminal and Traffic Assessment Act (705 ILCS 135/15-15 (West 2022)). That section provides a list of costs to be assessed in certain offenses, including offenses under the Methamphetamine Control and Community Protection Act. *Id.*; 720 ILCS 646/1 *et seq.* (West 2022). Defendant's offense, unlawful possession of methamphetamine, is included in section 60 of the Methamphetamine Control and Community Protection Act (720 ILCS 646/60 (West 2022)). We therefore agree with counsel that defendant's challenge to his court costs is without merit.

¶ 25                              C. Admonishment

¶ 26        Finally, in defendant's April 16 letter to the clerk of the court, he argues the trial court "did not assess any costs or fines against" him in the court transcripts, and he therefore did not accept that he owed any additional cost beyond the 10% retained by the clerk. See 725 ILCS 5/110-7.5(c)(4) (West 2022). We note that this argument was not included in defendant's original motion for the return of his bond. Defense counsel acknowledges this argument is therefore likely forfeited. See *People v. Johnson*, 238 Ill. 2d 478, 484 (2010) (stating the failure to include an error in a posttrial motion results in forfeiture of the error for appellate review). Counsel nevertheless addresses the argument. We will do the same.

¶ 27        Counsel appears to treat this issue as one of proper guilty plea admonishments under Illinois Supreme Court Rule 402(a) (eff. July 1, 2012). That rule provides a list of admonishments a trial court must give a defendant before accepting a guilty plea, including the possible maximum and minimum sentences for the conviction. Ill. S. Ct. R. 402(a)(2) (eff. July 1, 2012). The maximum sentence admonishment must also include a reference to any fines or restitution a defendant could be ordered to pay. *People v. Fish*, 316 Ill. App. 3d 795, 799 (2000).

¶ 28 We find defense counsel makes too much of the argument contained in defendant's April 16, 2024, letter to the clerk. Defendant's letter is comprised of four short paragraphs. In the first paragraph, he states that he received the transcripts from his case, reviewed them, and found "no reference whatsoever by the judge as to any assessments of any fines, fees[,] costs[,] or other monetary punishment." In the next paragraph, he states, "Since the court did not assess any costs or fines against me, the clerk may not then simply 'dream up' a slew of fees in order to keep my bond money." In the third paragraph, defendant states, "I do not accept that I owe any additional costs, because I was not admonished as to this fact anywhere in the court transcripts that you provided me." In the fourth paragraph, he requests the return of his money.

¶ 29 Our view of the argument contained in this letter is that defendant does not believe he was improperly admonished *prior* to his guilty plea, but rather he believes court costs were not part of his sentence, as the trial court did not verbally state so *after* accepting his plea. This is supported by the fact that, in his letter, defendant does not reference Rule 402(a) or suggest that he wishes to withdraw his guilty plea due to being improperly admonished. Further, defendant's statement in his letter that the judge made no reference to any fines or fees against him is only true of the judge's statements *after* accepting his guilty plea. *Before* accepting the plea, the judge admonished defendant of the possibility of a fine up to $25,000 for the conviction and confirmed that the plea agreement defendant was entering into recommended he only be required to pay court costs. We therefore interpret defendant's letter as merely restating his belief that the clerk of the court is attempting to steal his bond money through the imposition of arbitrary fees.

¶ 30     We restate that the court costs collected in this case were imposed by statute, not determined by either the judge who accepted defendant's plea (as defendant appears to believe would be proper) or the clerk of the court. See 705 ILCS 135/15-15 (West 2022). We also note that, contrary to the assertion in defendant's letter, the judge verbally stated at the plea hearing that he would "enter a judgment consistent with the plea," which defendant knew to include court costs. Further, a docket order filed the same day as the plea summarized the hearing and listed defendant's fine as $0.00 but again indicated he would be assessed court costs. Defendant was, therefore, made aware both at the hearing and after that court costs were part of his sentence.

¶ 31     We therefore agree with defense counsel that, even if this argument is not forfeited, it is meritless.

¶ 32                    III. CONCLUSION

¶ 33     For the reasons stated, we grant counsel's motion to withdraw and affirm the trial court's judgment.

¶ 34     Affirmed.